**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT COURT**
**ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| REGINALD LARK, | ) | |
| TIM BELLEFEUILLE, | ) | |
| HALEIGH RAE BESINGER, | ) | |
| HANNAH CAPPERINO, | ) | |
| XAVIER CASILLAS, | ) | |
| ERIN CASTREJON, | ) | Case No. 17-L-559 |
| BRANDON CHAPLES, | ) | |
| CREIGHTON COLSON, | ) | |
| JAMES COWAN, | ) | |
| SHAYNE EMERY, | ) | |
| STACIE FERGUSON, | ) | |
| ANDREA FRANKLIN, | ) | |
| SARAH FURLONG, | ) | |
| ANTHONY GANT, | ) | |
| IVAN GONZALEZ, | ) | |
| OSCAR GUTIERREZ, | ) | |
| ALONZO JOHNSON, | ) | |
| TIFFANY JOHNSTON, | ) | |
| ALEXANDRIA KRISPIN, | ) | |
| CHARLENE LYBARGER, | ) | |
| GABRIELA MIZE, | ) | |
| ALYSSA MOORE, | ) | |
| BRIANNA MOORE, | ) | |
| WALLY NICHOLS, | ) | |
| KRISTEN OETTLE, | ) | |
| THOMAS PEARCE, | ) | |
| THADDEUS PHILLIPS, | ) | |
| AARON EMANUEL RIVERA, | ) | |
| BRYTON ROACH, | ) | |
| PHILLIP ROSS, | ) | |
| JOSUE SALGADO, | ) | |
| JEFF SANSONE, | ) | |
| KELSI SCHWARTZ, | ) | |
| SHANE SNYDER, | ) | |
| JOHNATHIN SUTTON, | ) | |
| RHONDA TANDY, | ) | |
| MELISSA VITTORELLI, | ) | |
| MICHAEL WARREN, | ) | |
| AARON WEISS AND | ) | |
| SHAMEKA WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |

**EXHIBIT A**

| | |
|---|---|
| v. | ) |
| | ) |
| | ) |
| MCDONALD'S USA, LLC | ) |
| | ) |
| MCDONALD'S CORPORATION | ) |
| | ) |
| AMORE ENTERPRISES, INC., an Illinois company, | ) |
| | ) |
| BOLD ENTERPRISES, INC., an Illinois company, | ) |
| | ) |
| | ) |
| BRE MID AMERICA, INC., an Illinois company, | ) |
| | ) |
| | ) |
| BURRIS MANAGEMENT, INC., an Illinois company, | ) |
| | ) |
| CAFE M, LLC., an Illinois company, | ) |
| | ) |
| CLARK 15803, LLC., an Illinois company, | ) |
| | ) |
| CMJ CORP., an Illinois company, | ) |
| | ) |
| DND WITZEL ENTERPRISES, INC., an Illinois company, | ) |
| | ) |
| ESTEL FOODS, INC., an Illinois company, | ) |
| | ) |
| F & F INVESTMENTS OF ILLINOIS, INC., an Illinois company, | ) |
| | ) |
| GUERO, LLC, an Illinois company, | ) |
| | ) |
| J&B ENTERPRISES OF SPRINGFIELD, INC., an Illinois company, | ) |
| | ) |
| JANN RESTAURANT, INC., an Illinois company, | ) |
| | ) |
| JCTWILL, LLC, an Illinois company, | ) |
| Serve: Registered Agent | ) |
| James E. Williams, Jr. | ) |
| 1506 Johnson Rd, Ste 115 | ) |

| | |
|---|---|
| Granite City, IL  62040 | ) |
| | ) |
| JEFFERS FAMILY MANAGEMENT, INC., an Illinois company, | ) |
| | ) |
| | ) |
| KARAVITES RESTAURANT 33426, LLC., an Illinois company, | ) |
| | ) |
| | ) |
| KARAVITES RESTAURANT 6298, LLC., an Illinois company, | ) |
| | ) |
| | ) |
| MARYMAC, INC., an Illinois company, | ) |
| | ) |
| MCDONALD'S RESTAURANTS OF ILLINOIS, INC., an Illinois company, | ) |
| | ) |
| | ) |
| MCGRAW ENTERPRISES, INC., an Illinois company, | ) |
| | ) |
| | ) |
| MIBRYA, LLC., an Illinois company, | ) |
| | ) |
| MMJ ENTERPRISES, INC., an Illinois company, | ) |
| | ) |
| | ) |
| P.T. POULEE, LLC., an Illinois company, | ) |
| | ) |
| PETRO BEAR LLC., an Illinois company, | ) |
| | ) |
| Q3, LLC., an Illinois company, | ) |
| | ) |
| RAF ENTERPRISES, INC., an Illinois company, | ) |
| | ) |
| | ) |
| RCKC CORPORATION, an Illinois company, | ) |
| | ) |
| SCHMITT-BOULDER HILL, INC., an Illinois company, | ) |
| | ) |
| | ) |
| TDS SERVICES, INC., an Illinois company, | ) |
| | ) |

3

## THIRD AMENDED CLASS ACTION COMPLAINT

NOW COME Plaintiffs REGINALD LARK, TIM BELLEFEUILLE, HALEIGH RAE BESINGER, HANNAH CAPPERINO, XAVIER CASILLAS, ERIN CASTREJON, BRANDON CHAPLES, CREIGHTON COLSON, JAMES COWAN, SHAYNE EMERY, STACIE FERGUSON, ANDREA FRANKLIN, SARAH FURLONG, ANTHONY GANT, IVAN GONZALEZ, OSCAR GUTIERREZ, ALONZO JOHNSON, TIFFANY JOHNSTON, ALEXANDRIA KRISPIN, CHARLENE LYBARGER, GABRIELA MIZE, ALYSSA MOORE, BRIANNA MOORE, WALLY NICHOLS, KRISTEN OETTLE, THOMAS PEARCE, THADDEUS PHILLIPS, AARON EMANUEL RIVERA, BRYTON ROACH, PHILLIP ROSS, JOSUE SALGADO, JEFF SANSONE, KELSI SCHWARTZ, SHANE SNYDER, JOHNATHIN SUTTON, RHONDA TANDY, MELISSA VITTORELLI, MICHAEL WARREN, AARON WEISS AND SHAMEKA WILLIAMS, individually, and on behalf of all others similarly situated, by and through their attorneys, JOHN J. DRISCOLL and THE DRISCOLL FIRM, P.C., and bring this action class action complaint pursuant to 735 ILCS 5/2-801, *et seq.*, and allege as follows, all upon information and belief:

## NATURE OF THE ACTION

1. This is a Class Action for money damages arising from Defendants' violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et. seq.*, ("BIPA") in that Defendants illegally collected, stored and used Plaintiffs' and other similarly situated individuals' biometric identifiers and biometric information ("biometrics") without informed written consent, in direct violation of BIPA.

2. Our legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example,

social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.*

3.      In response to these concerns over the security of individuals' biometrics, (740 ILCS 14/5(b)) our legislature enacted BIPA. The BIPA provides, *inter alia*, that a private entity like McDonald's may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a) and (b).

4.      In violation of each of the foregoing provisions of §15(a) and (b) of BIPA, the Defendants are actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of thousands of unwitting Illinois resident citizens.

5.      Plaintiffs seek class certification pursuant to 735 ILCS 5/2-801, *et seq.* Plaintiffs REGINALD LARK, TIM BELLEFEUILLE, HALEIGH RAE BESINGER, HANNAH CAPPERINO, XAVIER CASILLAS, ERIN CASTREJON, BRANDON CHAPLES, CREIGHTON COLSON, JAMES COWAN, SHAYNE EMERY, STACIE FERGUSON, ANDREA FRANKLIN, SARAH FURLONG, ANTHONY GANT, IVAN GONZALEZ, OSCAR

GUTIERREZ, ALONZO JOHNSON, TIFFANY JOHNSTON, ALEXANDRIA KRISPIN, CHARLENE LYBARGER, GABRIELA MIZE, ALYSSA MOORE, BRIANNA MOORE, WALLY NICHOLS, KRISTEN OETTLE, THOMAS PEARCE, THADDEUS PHILLIPS, AARON EMANUEL RIVERA, BRYTON ROACH, PHILLIP ROSS, JOSUE SALGADO, JEFF SANSONE, KELSI SCHWARTZ, SHANE SNYDER, JOHNATHIN SUTTON, RHONDA TANDY, MELISSA VITTORELLI, MICHAEL WARREN, AARON WEISS AND SHAMEKA WILLIAM ("Plaintiffs"), individually, and on behalf of all others similarly situated ("the Class"), bring this action against the Defendants described herein ("McDonald's" or "Defendants"), for claims relating to the violation of their privacy rights and to recover statutory damages for Defendants' unauthorized collection, storage, and use of their respective biometric information in violation of BIPA.

## PARTIES

I. **PLAINTIFFS**

6.     Each of the named plaintiffs and putative class representatives had their biometric information collected, captured, stored and used by McDonald's for the purpose of tracking time and attendance while they worked at McDonalds.

7.     Plaintiff Reginald Lark is, and at all times relevant to this action was, a resident citizen of St. Clair County, Illinois.  Lark is a former McDonald's employee at a location in Swansea, Illinois.  Lark was required to submit his biometric information at the direction of and for use by McDonald's.  At no time while working at McDonald's was Lark informed in writing that her biometric information was being collected or stored or of the specific purpose and length of term for which his biometric information was being collected, stored, and used.  At no time did Lark execute a writing releasing or permitting McDonald's to utilize his biometric information.

6

Lark was never provided with a publicly available written policy regarding a schedule or guideline for the retention and permanent destruction of his biometric information.

8.     Tim Bellefeuille is an Illinois resident who worked in a McDonald's restaurant located at 1610 E. Empire, Bloomington, Illinois 61701, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

9.     Haleigh Rae Besinger is an Illinois resident who worked in a McDonald's restaurant located at 4007 W. Barring Terrace, Peoria, Illinois 61615, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

10.     Hannah Capperino is an Illinois resident who worked in a McDonald's restaurant located at 11241 W. 159th Street, Orland Park, Illinois 60467, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

11.     Xavier Casillas is an Illinois resident who worked in a McDonald's restaurant located at 2400 W. Lincoln Highway, Olympia Fields, Illinois 60461, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

12.     Erin Castrejon is an Illinois resident who worked in a McDonald's restaurant located at 1441 Kishwaukee St., Rockford, Illinois 61104, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

13.     Brandon Chaples is an Illinois resident who worked in a McDonald's restaurant located at 302 South Route 31, McHenry, Illinois 60050, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

14.     Creighton Colson is an Illinois resident who worked in a McDonald's restaurant located at 4805 Broadway Street, Quincy, Illinois 62305, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

15.     James Cowan is an Illinois resident who worked in a McDonald's restaurant located at 3433 Avenue of The Cities, Moline, Illinois 61265-4418, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

16.     Shayne Emery is an Illinois resident who worked in a McDonald's restaurant located at 3250 S. 6th Street, Springfield, Illinois 62701, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

17.     Stacie Ferguson is an Illinois resident who worked in a McDonald's restaurant located at 321 N. Morton, Morton, Illinois 61550-1524, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

18.     Andrea Franklin is an Illinois resident who worked in a McDonald's restaurant located at 161 Spinder Drive, East Peoria, Illinois 61611, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

19.     Sarah Furlong is an Illinois resident who worked in a McDonald's restaurant located at 4301 W. Wabash Avenue, Springfield, Illinois 62711, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

20.     Anthony Gant is an Illinois resident who worked in a McDonald's restaurant located at 100 N. Bolingbrook Drive, Bolingbrook, Illinois 60440, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

21.     Ivan Gonzalez is an Illinois resident who worked in a McDonald's restaurant located at 520 Ramada Blvd, Collinsville, Illinois 62234, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

22.     Oscar Gutierrez is an Illinois resident who worked in a McDonald's restaurant located at 3249 Belvidere Road, Park City, Illinois 60085, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

23.     Alonzo Johnson is an Illinois resident who worked in a McDonald's restaurant located at 2045 Madison Avenue, Granite City, Illinois 62040-4618, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

24.     Tiffany Johnston is an Illinois resident who worked in a McDonald's restaurant located at 525 Brock Drive, Bloomington, Illinois 61701-2640, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

25.     Alexandria Krispin is an Illinois resident who worked in a McDonald's restaurant located at 930 Wriverside Boulevard, Rockford, Illinois 61103, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

26.     Charlene Lybarger is an Illinois resident who worked in a McDonald's restaurant located at 1006 Purnell Drive, Mahomet, Illinois 61853, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

27.     Gabriela Mize is an Illinois resident who worked in a McDonald's restaurant located at 1134 N. Main Street, Monmouth, Illinois 61462-1209, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

28.     Alyssa Moore is an Illinois resident who worked in a McDonald's restaurant located at 1402 SE Third Street, Aledo, Illinois 61231, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

29.     Brianna Moore is an Illinois resident who worked in a McDonald's restaurant located at 1134 N. Main Street, Monmouth, Illinois 61462-1209, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

30.     Wally Nichols is an Illinois resident who worked in a McDonald's restaurant located at 3195 North Vermilion Street, Danville, Illinois 61832-1312, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

31.     Kristen Oettle is an Illinois resident who worked in a McDonald's restaurant located at 5511 Godfrey Road, Godfrey, Illinois 62035, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

32.     Thomas Pearce is an Illinois resident who worked in a McDonald's restaurant located at 1402 SE Third Street, Aledo, Illinois 61231, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

33.     Thaddeus Phillips is an Illinois resident who worked in a McDonald's restaurant located at 1700 Division St, Morris, Illinois 60450, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

34.     Aaron Emanuel Rivera is an Illinois resident who worked in a McDonald's restaurant located at 339a Douglas Road, Oswego, Illinois 60543, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

35.     Bryton Roach is an Illinois resident who worked in a McDonald's restaurant located at 2 Ohren Drive, Litchfield, Illinois 62056, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

36.     Phillip Ross is an Illinois resident who worked in a McDonald's restaurant located at 1156 Vaughn Road, Wood River, Illinois 62095, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

37.     Josue Salgado is an Illinois resident who worked in a McDonald's restaurant located at 1402 SE Third Street, Aledo, Illinois 61231, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

38.     Jeff Sansone is an Illinois resident who worked in a McDonald's restaurant located at 4946 N. Milwaukee Avenue, Chicago, Illinois 60630-2115, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

39.     Kelsi Schwartz is an Illinois resident who worked in a McDonald's restaurant located at 1013 Court Street, Pekin, Illinois 61554-4817, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

40.     Shane Snyder is an Illinois resident who worked in a McDonald's restaurant located at 501 S Grand Avenue East, Springfield, Illinois 62703, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

41.     Johnathin Sutton is an Illinois resident who worked in a McDonald's restaurant located at 2100 N. Dirksen Parkway, Springfield, Illinois 62702, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

42.     Rhonda Tandy is an Illinois resident who worked in a McDonald's restaurant located at 1013 Court Street, Pekin, Illinois 61554-4817, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

43.     Melissa Vittorelli is an Illinois resident who worked in a McDonald's restaurant located at 3020 E. 8th Road, Utica, Illinois 61373, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

44.     Michael Warren is an Illinois resident who worked in a McDonald's restaurant located at 810 E. Broadway, Centralia, Illinois 62801-3327, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

45.     Aaron Weiss is an Illinois resident who worked in a McDonald's restaurant located at 300 Columbia Center, Columbia, Illinois 62236-9803, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

46.     Shameka Williams is an Illinois resident who worked in a McDonald's restaurant located at 1380 W. Lake Street, Chicago, Illinois 60607, and where McDonald's captured Plaintiff's biometric identifiers or biometric information.

## II.     DEFENDANTS

47.     Defendant McDonald's USA, LLC., is a Delaware limited liability company, with its principal place of business in Oak Brook, Illinois.  It is a wholly-owned subsidiary of its parent and predecessor, McDonald's Corporation, which is a Delaware corporation with its principal place of business in Oak Brook, Illinois.  McDonald's is in the business of selling food to consumers.  McDonald's is also in the business of franchising restaurants.  It has multiple franchise restaurants throughout Illinois, including St. Clair County, Illinois.  McDonald's USA, LLC., may be served with process via its registered agent, Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield IL  62703.

48.     Defendant McDonald's Corporation is a Delaware corporation with its principal place of business in Oak Brook, Illinois.  Defendant McDonald's Corporation is the parent

corporation of McDonald's USA, LLC.,. McDonald's USA, LLC., may be served with process via its registered agent, Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield IL 62703.

49.     Approximately 90 percent of McDonald's restaurants in the United States are franchised. Ten percent are maintained and managed by McDonald's USA, LLC., and McDonald's Corporation. Defendants McDonald's USA, LLC., and McDonald's Corporation greatly influence the hiring practices and operations of their franchisees. For example, as part of McDonald's USA, LLC., and McDonald's Corporation's systematic and overt control over even the smallest details of its franchisees' day-to-day operations, franchisees must submit contractually to a "no hire" or "no solicitation" clause in Defendants' franchise agreements that expressly forbids franchisees from "employ[ing] or seek[ing] to employ any person" who at the time is, or within the preceding six months has been, employed by McDonald's, by any of its subsidiaries, or by any other franchisee. This influence and control also extends to McDonald's System-wide program of (mis)handling workers' biometric information.

50.     Defendant Amore Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 3020 E 8th Road, Utica, Illinois.

51.     Defendant Bold Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 5511 Godfrey Rd, Godfrey, Illinois.

52.     Defendant BRE Mid America, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 321 N. Morton, Morton, Illinois.

53.     Defendant Burris Management, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 300 Columbia Center, Columbia, Illinois.

54.     Defendant Cafe M, LLC is franchisee of one or more restaurants in the McDonald's System, including the locations at 930 W Riverside Boulevard, Rockford, Illinois, and 1441 Kishwaukee St., Rockford, Illinois.

55.     Defendant Clark 15803, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 4007 W Barring Trace, Peoria, Illinois.

56.     Defendant CMJ Corp. is franchisee of one or more restaurants in the McDonald's System, including the location at 2100 N. Dirksen Pkwy, Springfield, Illinois.

57.     Defendant DND Witzel Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 3195 North Vermillion St., Danville, Illinois.

58.     Defendant Estel Foods, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 2045 Madison Avenue, Granite City, Illinois 62040.

59.     Defendant F & F Investments of Illinois, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 3433 Avenue of the Cities, Moline, Illinois 61265.

60.     Defendant Guero, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 161 Spinder Dr., East Peoria, Illinois 61611.

61.     Defendant J&B Enterprises of Springfield, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 501 S. Grand Avenue, Springfield, Illinois 62703.

62.     Defendant Jann Restaurant, Inc. is franchisee of one or more restaurants in the McDonald's System, including the locations at 1006 Purnell Dr. Mahomet, Illinois 61853 and 1610 E Empire, Bloomington, Illinois 61701.

63.     Defendant JCTWILL, Inc. is franchisee of one or more restaurants in the McDonald's System, including the locations at 906 Carlyle Avenue, Belleville, Illinois and 2605 N. Illinois, Swansea Illinois.

64.     Defendant Jeffers Family Management, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 4301 W. Wabash Ave., Springfield, Illinois 62711.

65.     Defendant Karavites Restaurant 33426, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 1380 W. Lake Street, Chicago, Illinois 60607.

66.     Defendant Karavites Restaurant 6298, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 4946 N. Milwaukee Avenue, Chicago, Illinois 60630.

67.     Defendant MaryMac, Inc. is franchisee of one or more restaurants in the McDonald's System, including the locations at 520 Ramada Blvd, Collinsville, Illinois 62234 and 503 Belt Line Rd., Collinsville, Illinois 62234 and 1156 Vaughn Rd, Wood River Illinois 62095.

68.     Defendant McDonald's Restaurants of Illinois, Inc. is corporate owner or franchisee of one or more restaurants in the McDonald's System, including the location at 100 N Bolingbrook Dr., Bolingbrook, Illinois 60440.

69.     Defendant McGraw Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the locations at 2 Ohren Dr., Litchfield, Illinois 62056 and 3250 S 6th St., Springfield, Illinois 62701.

70.     Defendant Mibrya, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 1013 Court St., Pekin, Illinois 61554.

71.     Defendant MMJ Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 525 Brock Dr., Bloomington, Illinois 61701.

72.     Defendant P.T. Poulee, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 1700 Division St., Morris, Illinois 60450.

73.     Defendant Petro Bear, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 302 South Route 31, McHenry, Illinois 60050.

74.     Defendant Q3, LLC is franchisee of one or more restaurants in the McDonald's System, including the location at 4805 Broadway Street, Quincy, Illinois 62305.

75.     Defendant RAF Enterprises, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 11241 W 159th Street, Orland Park, Illinois 60467.

76.     Defendant RCKC Corporation is franchisee of one or more restaurants in the McDonald's System, including the location at 2400 W. Lincoln Highway, Olympia Fields, Illinois 60461.

77.     Defendant Schmitt-Boulder Hill, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 339A Douglas Road, Oswego, Illinois 60543.

78.     Defendant TDS Services, Inc. is franchisee of one or more restaurants in the McDonald's System, including the location at 801 E. Broadway, Centralia, IL 62801.

79.     Together, Defendants herein operate a large portion of the McDonald's restaurant system in Illinois ("McDonald's System").

80.     Plaintiffs are unaware of the true names or capacities, whether individual, corporate, associate or otherwise, of those defendants fictitiously sued as Does 1 through 600 inclusively and therefore Plaintiffs sue them by these fictitious names.   Plaintiffs name only the Doe defendants 1 through 600 that are citizens of Illinois, and specifically refrain from and do not include herein any non-Illinois citizen whether individual, corporate, associate or otherwise.  Doe defendants 1 through 600 are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiffs will

amend their Complaint to show the true names and capacities of these fictitiously named defendants.

## III.   THE COMMON LIABILITY OF DEFENDANTS AS OFFENDING PARTIES WITHIN THE MCDONALD'S SYSTEM

81.    Section 20 of BIPA provides: "Sec. 20. Right of action. Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party." 740 ILCS 14/20.

82.    As detailed herein, Defendants – participants in the McDonald's System – are all offending parties within the meaning of BIPA, 740 ILCS 14/20.

83.    As publicly-available copies of McDonald's Traditional Franchise Agreement[1] explain, McDonald's is a System (the "McDonald's System"):

**1.    *Nature and Scope of Franchise***

(a) McDonald's operates a restaurant system ("McDonald's System"). The McDonald's System is a comprehensive system for the ongoing development, operation, and maintenance of McDonald's restaurant locations . . . and includes proprietary rights in certain valuable trade names, service marks, and trademarks . . . . methods of . . . operation control . . . and manuals covering business practices and policies.

84.    McDonald's Traditional Agreement further explains repeatedly that strict adherence to McDonald's policies and procedures – including the use of only prescribed equipment – is at the heart of the McDonald's System.  Thus:

**1. *Nature and Scope of Franchise*** . . .

(c)     The foundation of the McDonald's System and the essence of this Franchise is the adherence by Franchisee to standards and policies of McDonald's providing for the uniform operation of all McDonald's restaurants within the McDonald's System including, but not limited to . . . the use of only prescribed equipment . . . . [T]he establishment and maintenance of a close personal working relationship with

---

[1] *See e.g. https://www.bluemaumau.org/sites/default/files/MCD%202013%20FDD.pdf* (last accessed May 17, 2019). Plaintiffs currently understand the Traditional Agreement is employed in all but special circumstances such as kiosks, Walmart locations, and similar.

McDonald's in the conduct of Franchisee's McDonald's restaurant business, Franchisee's accountability for performance of the obligations contained in this Franchise, and Franchisee's adherence to the tenets of the McDonald's System constitute the essence of this Franchise.

85.    And:

**1.  *Nature and Scope of Franchise*** . . .

(d)    The provisions of this Franchise shall be interpreted to give effect to the intent of the parties stated in this paragraph 1 so that the Restaurant shall be operated in conformity to the McDonald's System through strict adherence to McDonald's standards and policies as they exist now and as they may be from time to time modified.

86.    Accompanying the virtually unlimited scope the policies and procedures which form the heart of the McDonald's System are McDonald's corporate obligations to advise all members of the Systems on operations:

**3. *General Services of McDonald's.*** McDonald's shall advise and consult with Franchisee periodically in connection with the operation of the Restaurant and also, upon Franchisee's request, at other reasonable times. McDonald's shall communicate to Franchisee know-how, new developments, techniques, and improvements in areas of restaurant management, food preparation, and service which are pertinent to the operation of a restaurant using the McDonald's System. The communications shall be accomplished by visits by operations consultants, printed and filmed reports, seminars, and newsletter mailings. McDonald's shall also make available to Franchisee all additional services, facilities, rights, and privileges relating to the operation of the Restaurant which McDonald's makes generally available, from time to time, to all its franchisees operating McDonald's restaurants.

87.    McDonald's corporate role is not merely advisory.  Strict adherence to McDonald's policies and procedures is required all across the McDonald's System:

**4. *Manuals.*** McDonald's shall provide Franchisee with the business manuals prepared for use by franchisees of McDonald's restaurants similar to the Restaurant. The business manuals contain detailed information including: (a) required operations procedures; . . . (d) business practices and policies; and (e) other management and advertising policies. **<u>Franchisee agrees to promptly adopt and use exclusively</u>** the formulas, methods, and policies contained in the business manuals, now and as they may be modified from time to time.

88.     And:

**12.** ***Compliance With Entire System.*** Franchisee acknowledges that every component of the McDonald's System is important to McDonald's and to the operation of the Restaurant as a McDonald's restaurant . . . .

Franchisee shall comply with the entire McDonald's System, including, but not limited to, the following:

(a) Operate the Restaurant in a clean, wholesome manner in compliance with prescribed standards of Quality, Service, and Cleanliness; comply with all business policies, practices, and procedures imposed by McDonald's . . .

(b) Purchase . . . equipment in accordance with the equipment specifications and layout initially designated by McDonald's . . . .

89.     Compliance with the McDonald's System also includes a corporate mandate to

comply with all applicable laws:

**12.** ***Compliance With Entire System.*** Franchisee acknowledges that every component of the McDonald's System is important to McDonald's and to the operation of the Restaurant as a McDonald's restaurant . . . .

Franchisee shall comply with the entire McDonald's System, including, but not limited to, the following: . . .

(k) At Franchisee's own expense, comply with all federal, state, and local laws, ordinances, and regulations affecting the operation of the Restaurant.

90.      The failure of a McDonald's location to implement the policies and procedures

required by McDonald's is expressly considered a material breach of the System:

**18.** ***Material Breach.*** The parties agree that the happening of any of the following events shall constitute a material breach of this Franchise and violate the essence of Franchisee's obligations . . . :

(a) Franchisee shall fail to maintain and operate the Restaurant in a good, clean, wholesome manner and in compliance with the standards prescribed by the McDonald's System . . . .

91.     McDonald's makes sure it has near-plenary authority to oversee and inspect all

equipment, operations, and activities in the McDonald's System:

10. ***Reports*** . . . .

McDonald's shall have the right to inspect and/or audit Franchisee's accounts, books, records, and tax returns at all reasonable times to ensure that Franchisee is complying with the terms of this Franchise.

and

12. ***Compliance With Entire System*** . . . .

McDonald's shall have the right to inspect the Restaurant at all reasonable times to ensure that Franchisee's operation thereof is in compliance with the standards and policies of the McDonald's System.

92.    In summary: Coordination, cooperation, and joint action between McDonald's corporate structure and franchisees was and is not only mutually beneficial, but also of the essence of the McDonald's System itself.

93.    Without cooperation and joint action from franchisees, McDonald's cannot maintain across the McDonald's System the uniformity and control of equipment and processes its corporate interests require and crave. Such uniformity is essential to McDonald's branding and business purposes.

94.    Similarly, without cooperation, joint action, and support from McDonald's corporate structure, franchisees cannot effectively acquire and implement technology and processes at their respective McDonald's locations in the McDonald's System. Such support and economies of scale are essential to franchisees' livelihood and business purposes.

95.    Accordingly, while McDonald's corporate interests will frequently pepper System documents with self-serving language in an attempt to artificially limit their liability, all such statements are of no legal effect and are to be disregarded.

96.    This is as true for the facts and circumstances underlying this case as it is for others. McDonald's USA, LLC, McDonald's Corporation, and the other Defendants herein acted

cooperatively, jointly, and in unison to improperly collect, capture, and otherwise mishandle workers' biometric identifiers or biometric information all across the McDonald's System in Illinois.

97. Thus, while not every McDonald's location in the System employed biometric capture devices, it is no accident or coincidence that virtually every location in the System which *did* employ such devices used the same device: the Digital Persona U.are.U 4500 Fingerprint Reader.

98. It is also believed that all McDonald's undertake operations, including the capture and collection of biometric information, using McDonald's proprietary software which McDonald's considers its own intellectual property, and that further, McDonald's would not permit non-approved software to be employed in the McDonald's System.

99. McDonalds' corporate interests could not and would not permit the use of non-approved biometric capture software and hardware at locations within the McDonald's System; McDonald's franchisees could not and would not effectively and economically implement non-approved biometric capture hardware and software within the confines and strictures of the McDonald's System, as imposed by McDonald's corporate interests.

100. An email communication devised by Jeff Gukenberger, U.S. McDonald's Owner/Operator Risk Manager, demonstrates the lengths and depths to which McDonald's controlled not only the collection and capture of biometric information across the McDonald's System, but also controlled legal compliance with BIPA:

> From: Gukenberger Jeff (Contractor)
> Sent: Wednesday, October 11, 2017 10:03 PM
> To: Gukenberger Jeff (Contractor) <Jeff.Gukenberger@us.mcd.com <mailto:Jeff.Gukenberger@us.mcd.com> >
> Subject: Communication to Illinois Owner Operators regarding ILLINOIS BIOMETRIC PRIVACY ACT (fingerprint readers for

POS)

Dear Illinois Owner/Operators,

I've met/talked with many of you before, but for those I've not met, I'd like to give a quick introduction. I am the U.S. McDonald's Owner/Operator Risk Manager. I work directly for you in helping lower your risks.

It is my understanding that you may currently or will in the future begun utilizing an eSmartClock, including the biometric function that allows employees to punch in and out using their fingerprint. When you collect and use employee biometric data in this manner, Illinois law requires that you take specific actions. Failure to comply with the requirements established by the Illinois' Biometric Information Privacy Act can create exposure for your company that could result in a lawsuit and substantial penalties and fines.

LaPointe Law is the law firm that provides employment law advice through the Helpline, which is part of RSUI's National EPLI Program. Their firm has drafted the attached Fact Sheet, Shift Huddle Communication, Biometric Data Consent Form (in English and in Spanish) and Biometrics Data Retention and Destruction Policy. These documents address each of the requirements under Illinois law. Please review each document carefully, and if you have questions, contact LaPointe Law on the Helpline at 877-376-4100.

Any owner operator who has technical questions regarding the function and use of the eSmartClock should contact <mailto:erestaurant@us.mcd.com> erestaurant@us.mcd.com.

Sincerely,

Jeff Gukenberger

Jeff Gukenberger
U.S. Owner/Operator Risk Manager
. . .
<mailto:jeff.gukenberger@us.mcd.com> jeff.gukenberger@us.mcd.com

101.    Indeed, the claims of former Plaintiff Macy Koeneman in this very case show the

unitary functioning of the McDonald's System.   Koeneman worked at a McDonald's in

Mascoutah, Illinois.

102.    McDonald's corporate interests claim the Mascoutah McDonald's is a franchise location, and thus, have further claimed they do not have access to information and documents from the same.

103.    Yet, when it served McDonald's litigation interests, McDonald's readily obtained and produced a purported BIPA wavier from Ms. Koeneman from this location.

104.    Defendants are all "offending parties" within the meaning of BIPA, 740 ILCS 14/20.

105.    This specifically includes McDonald's USA, LLC, and McDonald's Corporation as to liability across the McDonald's System.  McDonald's USA, LLC, and McDonald's Corporation are "offending parties" within the meaning of BIPA, 740 ILCS 14/20, all across the McDonald's System, and without regard to whether any given McDonald's location is corporate or franchise.

106.    Furthermore and/or in the alternative, McDonald's USA, LLC., and/or McDonald's Corporation exercised, and continue to exercise, control over their franchisees and their respective operations, including the facts and circumstances giving rise to this case, such that each of them, and both, are liable jointly and severally for violations of BIPA occurring at any Illinois McDonald's, without further qualification, whether through operation of respondeat superior, the law of agency, alter ego, common law joint and several liability, joint employer, or other grounds.

## JURISDICTION AND VENUE

107.    This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq*.) seeking statutory and actual damages.

108.    This Court has subject matter and personal jurisdiction over the parties to this cause of action.  All named parties are Illinois natural persons or corporate citizens of Illinois, and the

Doe parties, by definition, are limited to Illinois natural persons or corporate citizens of Illinois. Accordingly, there is no complete diversity of citizenship as contemplated by 28 U.S.C. §1332(a), nor is there minimal diversity as contemplated by 28 U.S.C. §1332(d)(ii).  No federal question is presented by this complaint.  Plaintiffs bring this complaint solely under state law and not under federal law, and specifically not under the United States Constitution, nor any of its amendments, nor under 42 U.S.C. § 1981 or 1982, nor any other federal statute, law, rule, or regulation.  Federal jurisdiction does not exist.  Plaintiffs believe and allege that a cause of action exists under the state law claims for the conduct complained of herein.  If this Court or the Appellate Courts of Illinois were to rule that plaintiffs have no cause of action under state law for the conduct set out herein, then plaintiffs seek no remedy.  Accordingly, plaintiffs expressly waive and hereby disavow any claim for any relief whatsoever under any federal law or any federal question concerning the allegations of this complaint, whether said allegations are pled or not.

109.    This Class Action is brought on behalf of only Illinois citizens within the State of Illinois who submitted their respective biometric information to the Defendants within the State of Illinois.

110.    Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over the defendants McDonald's USA, LLC., and McDonald's Corporation because these defendants are corporate citizens of Illinois, having their respective headquarters and principal places of business in Oak Brook, Illinois, and are therefore present in the State of Illinois such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

111.    Defendants employed each named plaintiff and each class member in Illinois, including in St. Clair County, Illinois.  Accordingly, venue is proper under 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure.

112.    Plaintiffs, and each member of the Class, have individually incurred actual damages in an amount less than $75,000.00.  Neither the Plaintiffs nor any member of the Class seek damages exceeding $75,000, nor do their damages individually exceed $75,000.00, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder.  Plaintiffs do not seek any form of "common" recovery, but rather individual recoveries not to exceed $75,000.00, for any Class member, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder.

## FACTS COMMON TO ALL COUNTS

**IV.    Illinois' Biometric Information Privacy Act**

113.    In 2008, our state enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information."  Illinois House Transcript, 2008 Reg. Sess. No. 276.  BIPA makes it unlawful for a company, to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

> (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;
> (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

114.    Section 15 (a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

115.    As alleged herein, the Defendants' practices of collecting, storing, and using individuals' biometric identifiers without informed written consent violate all three prongs of § 15(b) of BIPA.  The Defendants' failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric information also violates §15(a) of BIPA.

## V.    Defendants' Utilization of Biometric Information To Advance Their Commercial Interests

116.    Defendants have been toying with the capture, collection, storage and use of the biometric information of employees and customers since 2003, testing the technology outside the United States before implementing it here.

117.    In fact, on October 21, 2003, IR Recognition Systems, the biometric component of Ingersoll Rand's Security & Safety Group's Electronic Access Control Division (EACD), announced that 85 McDonald's restaurants were cutting payroll costs by up to 22 percent annually after incorporating biometric hand punch terminals to record time and attendance.[2]

118.    Indeed, as of the beginning of the decade, Ingersoll Rand had already sold 150,000 biometrics capture machines to McDonald's and other corporate interests.[3]

---

[2] *HandPunch Eliminates Expensive "Buddy Punching";  Over 3,00 Employees at 85 Restaurants Have Clocked In and Out Biometrically*, http://www.businesswire.com/news/home/20031021005312/en/McDonalds-Reduces-Payroll-Costs-22-IR-Recognition

[3] *Fingerprint scans replace punch of time clocks*, http://abcnews.go.com/Technology/story?id=4543655

119.    In December of 2015, it was reported that McDonald's was piloting a new biometric authentication technology on its point-of-sale (POS) system at select restaurants, including those in the United States.[4]  In those locations, a fingerprint scan device was installed on cash registers requiring a fingerprint scan to activate the registers.  This biometric scanning was implemented to help detect fraud and aid McDonald's operations and management keep track of which of its employees had access to certain registers.

120.    Similarly, in Illinois and throughout the United States, McDonald's has implemented biometric scanners to track time and attendance of its employees, in an effort to combat time and attendance fraud.  According to McDonald's USA, LLC.,'s senior director of safety and security, "It's very difficult to manage [fraud] if you've got 60 to 70 employees under one roof in one restaurant…"[5]

121.    Each of the named plaintiffs had their biometric information collected, captured, stored and used by McDonald's for the purpose of tracking time and attendance while they were employees of McDonalds.

**VI.    Defendants' Violations of Illinois' Biometric Information Privacy Act**

122.    McDonald's restaurant locations throughout Illinois utilize a finger or handprint reader/scanner for the purposes of measuring employees' time and attendance; this is the primary method to "clock-in" at many but not all locations throughout Illinois. For all present and past employees that have worked at these restaurant locations, Defendants required that their employees provide biometric information, specifically a scan of their respective finger and/or handprints.

---

[4] *McDonald's testing biometrics technology on POS system*, http://www.biometricupdate.com/201512/mcdonalds-testing-biometrics-technology-on-pos-system

[5] Restaurant Security, A Tale of Turnover and Technology, Security Management, a publication of ASIS International. https://sm.asisonline.org/Pages/Restaurant-Security---A-Tale-of-Turnover-and-Technology.aspx

123.     Upon investigation and belief, the Defendants are violating BIPA in collecting and storing the biometric information of their employees at the restaurant locations that utilize biometric scanners (finger / hand print readers), as they are not first informing employees in writing that their biometric information is or will be collected and stored;   they are not first informing employees in writing of the specific purpose and length of term for which their respective biometric identifiers or biometric information will be collected, stored, and/or used;  nor are they first securing written releases from each respective employee.

124.     The Defendants' violations of BIPA are not occurring at just one location, nor are they being perpetrated in only one geography.  The Defendants' violations of BIPA are occurring throughout the state of Illinois, and have been occurring since Defendants' implementation of biometric scanners/readers.

## CLASS ACTION ALLEGATIONS

125.     This action is brought by Plaintiffs on their own behalf and on behalf of a proposed class of all other persons similarly situated, pursuant to 735 ILCS 5/2-801, defined as follows:  *All Illinois citizens who had their biometric identifiers, information or data captured, collected, stored, possessed, or used by the Defendants.*

126.     The plaintiffs are the masters of their complaint and cause.  They specifically exclude from the proposed class:  the claims of any non-Illinois citizen; any and all claims against any non-Illinois citizens;  any other claims, including claims for personal injury, wrongful death, or other property damage sustained by the Class;  and any Judge conducting any proceeding in this action and members of their immediate families.

127.     The Class is so numerous that the individual joinder of all members is impracticable.  While the exact number of Class members is unknown at this time, it is generally

ascertainable by appropriate discovery, is in the exclusive control of the Defendants, and it is believed that the Class includes thousands of members.

128.    Common questions of law or fact arising from the defendants' conduct exist as to all members of the Class, as required by 735 ILCS 5/2-801.  These common questions include, but are not limited to, the following:

a.    Whether the Defendants captured, collected, stored or used the biometric information of the plaintiffs and the class?

b.    If the Defendants captured, collected, stored or used the biometric information of the plaintiffs and the class, did the Defendants inform the plaintiffs and the class in writing that a biometric identifier or biometric information was being collected or stored?

c.    If the Defendants captured, collected, stored or used the biometric information of the plaintiffs and the class, did the Defendants inform the plaintiffs and the class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used?

d.    If the Defendants captured, collected, stored or used the biometric information of the plaintiffs and the class, did the Defendants receive a written release executed by the plaintiffs and the class of the biometric identifier or biometric information or the plaintiffs' or class' legally authorized representative?

e.    If the Defendants captured, collected, stored or used the biometric information of the plaintiffs and the class, did the Defendants  develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

f.    Whether Defendants required employees to provide biometric information?

g.    Whether the Defendants captured, collected, stored or used the biometric information of customers?

129.    Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable.  The Class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication.  The expense and burden of individual litigation of a case of this magnitude makes it impracticable for individual Class members to seek redress for the wrongs worked upon them.

130.    Individual litigation of all claims which might be asserted by all Class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years.  The certification of a Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions.  Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of individual Class members, and result in judicial consistency.

131.    Plaintiffs will fairly and adequately protect the interests of the Class they represent. The interests of Plaintiffs, as the Class representatives, are consistent with those of the members of the Class.  In addition, Plaintiffs are represented by counsel experienced in complex and class action litigation.

132.    The prosecution of separate actions by individual members of the Class would create a risk of:

      a.     Inconsistent or varying adjudications with respect to individual members of the Class;  and

      b.     Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

133.    Plaintiffs and Class members envision no unusual difficulty in the management of this action as a Class action.

**COUNT I – MCDONALD'S USA, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

134.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

135.    Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

137.    Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

138.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

139.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

140.    Defendant MCDONALD'S USA, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting

or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

141.    Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT II– MCDONALD'S USA, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

142.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

143.     Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S USA, LLC  is therefore a "private entity" pursuant to BIPA.

144.     Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

145.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

146.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

147.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

148.     Defendant MCDONALD'S USA, LLC did not comply with its established retention schedule and destruction guidelines.

149.     Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT III– MCDONALD'S USA, LLC
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

150.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

151.    Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

152.    Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

153. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

154. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

155. Defendant MCDONALD'S USA, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

156. Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as

to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT IV– MCDONALD'S USA, LLC**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

157.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

158.    Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

159.    Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

160.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

161.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

162.     Defendant MCDONALD'S USA, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

163.     Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT V– MCDONALD'S USA, LLC**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

164.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

165.    Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

166.    Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

167.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

168.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

169.    Defendant MCDONALD'S USA, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

170.    Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

        WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_

appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT VI– MCDONALD'S USA, LLC
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

171.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

172.    Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S USA, LLC therefore a "private entity" pursuant to BIPA.

173.    Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from many associated workers.

174.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ."  740 ILCS 114/15(d).

175.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its

agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

176.    On information and belief, Defendant MCDONALD'S USA, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

177.    Stating further, while not necessary to pleading these claims, MCDONALD'S USA, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

178.    Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;   (2)   a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;   (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent;   (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT VII– MCDONALD'S USA, LLC**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

179.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

180.     Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

181.     Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

182.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

183.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

184.     Defendant MCDONALD'S USA, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

185.     Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

41

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT VIII– MCDONALD'S USA, LLC
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

186.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

187.    Defendant MCDONALD'S USA, LLC is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S USA, LLC is therefore a "private entity" pursuant to BIPA.

188.    Defendant MCDONALD'S USA, LLC is a private entity that collects biometric information from McDonald's workers.

189.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

190.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S USA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

191.     Defendant MCDONALD'S USA, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

192.     Defendant MCDONALD'S USA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MCDONALD'S USA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S USA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the

intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S USA, LLC violations of BIPA were negligent;   (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT IX – MCDONALD'S CORPORATION
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

193.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

194.    Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

195.    Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

196.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

197.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

198.    Defendant MCDONALD'S CORPORATION did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

199.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT X– MCDONALD'S CORPORATION
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

200.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

201.    Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S CORPORATION  is therefore a "private entity" pursuant to BIPA.

202.    Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

203.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

204.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

205.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

206.    Defendant MCDONALD'S CORPORATION did not comply with its established retention schedule and destruction guidelines.

207.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XI– MCDONALD'S CORPORATION
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

208.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

209.     Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

210.     Defendant MCDONALD'S CORPORATION  is a private entity that collects biometric information from McDonald's workers.

211.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

212.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

213.    Defendant MCDONALD'S CORPORATION collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

214.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements

of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XII– MCDONALD'S CORPORATION
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

215.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

216.    Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

217.    Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

218.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

219.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

220. Defendant MCDONALD'S CORPORATION failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

221. Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XIII– MCDONALD'S CORPORATION
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

222. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

223.    Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

224.    Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

225.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

226.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

227.    Defendant MCDONALD'S CORPORATION collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

228.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XIV– MCDONALD'S CORPORATION
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

229.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

230.    Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION therefore a "private entity" pursuant to BIPA.

231.    Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from many associated workers.

232.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

233.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION

or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

234.    On information and belief, Defendant MCDONALD'S CORPORATION disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

235.    Stating further, while not necessary to pleading these claims, MCDONALD'S CORPORATION did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

236.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

        WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)   a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent;  (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XV– MCDONALD'S CORPORATION
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

237.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

238.    Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

239.    Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

240.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

241.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

242.    Defendant MCDONALD'S CORPORATION collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

243.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XVI– MCDONALD'S CORPORATION
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

244. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

245. Defendant MCDONALD'S CORPORATION is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S CORPORATION is therefore a "private entity" pursuant to BIPA.

246. Defendant MCDONALD'S CORPORATION is a private entity that collects biometric information from McDonald's workers.

247.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

248.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

249.    Defendant MCDONALD'S CORPORATION collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

250.    Defendant MCDONALD'S CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00

for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XVII – AMORE ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

251.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

252.    Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

253.    Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

254.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

255.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

256.    Defendant AMORE ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

257.    Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XVIII– AMORE ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

258.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

259.     Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant AMORE ENTERPRISES, INC.  is therefore a "private entity" pursuant to BIPA.

260.     Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

261.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

262.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

263.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

264.     Defendant AMORE ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

265.     Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved

each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XIX– AMORE ENTERPRISES, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

266.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

267.     Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

268.     Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

269.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

270.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

271.    Defendant AMORE ENTERPRISES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

272.    Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional

and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XX– AMORE ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

273.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

274.     Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

275.     Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

276.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

277.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

278.    Defendant AMORE ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

279.    Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXI– AMORE ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

280.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

281.     Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

282.     Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

283.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

284.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

285.     Defendant AMORE ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

286.     Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant AMORE

ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XXII– AMORE ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

287.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

288.    Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

289.    Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

290.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

291.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its

agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

292.     On information and belief, Defendant AMORE ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

293.     Stating further, while not necessary to pleading these claims, AMORE ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

294.     Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and

costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XXIII– AMORE ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

295.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

296.     Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

297.     Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

298.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

299.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

300.     Defendant AMORE ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

301.     Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved

each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXIV– AMORE ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

302.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

303.    Defendant AMORE ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant AMORE ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

304.    Defendant AMORE ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

305.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

306.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant AMORE ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

307.     Defendant AMORE ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

308.     Defendant AMORE ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant AMORE ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant AMORE ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional

and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant AMORE ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XXV – BOLD ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

309.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

310.     Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

311.     Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

312.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

313.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

314.    Defendant BOLD ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

315.    Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XXVI– BOLD ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

316.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

317.     Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant BOLD ENTERPRISES, INC.  is therefore a "private entity" pursuant to BIPA.

318.     Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

319.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

320.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

321.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

322.     Defendant BOLD ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

323.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved

each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXVII– BOLD ENTERPRISES, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

324.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

325.     Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

326.     Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

327.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

328.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

329.     Defendant BOLD ENTERPRISES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

330.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq_.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless

violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XXVIII– BOLD ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

331.      Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

332.      Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

333.      Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

334.      BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

335.      The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

336.     Defendant BOLD ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

337.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXIX– BOLD ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

338.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

339.     Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

340.     Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

341.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

342.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

343.     Defendant BOLD ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

344.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;   (2)   a declaration that Defendant BOLD

ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXX– BOLD ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

345.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

346.     Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

347.     Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

348.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

349.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its

agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

350.     On information and belief, Defendant BOLD ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

351.     Stating further, while not necessary to pleading these claims, BOLD ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

352.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;   (2)  a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs

and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XXXI– BOLD ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

353.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

354.    Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

355.    Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

356.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

357.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

358.    Defendant BOLD ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

359.    Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved

each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXII– BOLD ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

360. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

361. Defendant BOLD ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant BOLD ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

362. Defendant BOLD ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

363.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

364.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BOLD ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

365.     Defendant BOLD ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

366.     Defendant BOLD ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant BOLD ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BOLD ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless

violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BOLD ENTERPRISES, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT XXXIII – BRE MID AMERICA, INC.**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

367.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

368.     Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois.  Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

369.     Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

370.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

371.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

372.     Defendant BRE MID AMERICA, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

373.     Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>**COUNT XXXIV– BRE MID AMERICA, INC.**</u>
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

374.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

375.     Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois.  Defendant BRE MID AMERICA, INC.  is therefore a "private entity" pursuant to BIPA.

376.     Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

377.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

378.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

379.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

380.     Defendant BRE MID AMERICA, INC. did not comply with its established retention schedule and destruction guidelines.

381.     Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved

each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXV– BRE MID AMERICA, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

382.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

383.     Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

384.     Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

385.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

386.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

387.    Defendant BRE MID AMERICA, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

388.    Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per

violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XXXVI– BRE MID AMERICA, INC.**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

389.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

390.    Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

391.    Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

392.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

393.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

394.     Defendant BRE MID AMERICA, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

395.     Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXVII– BRE MID AMERICA, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

396.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

397.     Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois.  Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

398.     Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

399.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

400.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

401.     Defendant BRE MID AMERICA, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

402.     Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant BRE MID

AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXVIII– BRE MID AMERICA, INC.
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

403. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

404. Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. therefore a "private entity" pursuant to BIPA.

405. Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from many associated workers.

406. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

407. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its

agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

408. On information and belief, Defendant BRE MID AMERICA, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

409. Stating further, while not necessary to pleading these claims, BRE MID AMERICA, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

410. Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XXXIX– BRE MID AMERICA, INC.
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

411.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

412.    Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

413.    Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

414.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e)

415.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

416.    Defendant BRE MID AMERICA, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

417.    Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XL– BRE MID AMERICA, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

418. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

419. Defendant BRE MID AMERICA, INC. is a company organized under the laws of the State of Illinois. Defendant BRE MID AMERICA, INC. is therefore a "private entity" pursuant to BIPA.

420. Defendant BRE MID AMERICA, INC. is a private entity that collects biometric information from McDonald's workers.

421. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

422. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BRE MID AMERICA, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

423. Defendant BRE MID AMERICA, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

424. Defendant BRE MID AMERICA, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BRE MID AMERICA, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BRE MID AMERICA, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the

intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BRE MID AMERICA, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XLI – BURRIS MANAGEMENT, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

425.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

426.     Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois.  Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

427.     Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

428.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

429.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

430.    Defendant BURRIS MANAGEMENT, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

431.    Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XLII– BURRIS MANAGEMENT, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

432.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

433.     Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois.  Defendant BURRIS MANAGEMENT, INC.  is therefore a "private entity" pursuant to BIPA.

434.     Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

435.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

436.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

437.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

438.     Defendant BURRIS MANAGEMENT, INC. did not comply with its established retention schedule and destruction guidelines.

439.     Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XLIII– BURRIS MANAGEMENT, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

440.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

441.    Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

442.    Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

443.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

444.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

445.   Defendant BURRIS MANAGEMENT, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

446.   Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements

of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XLIV– BURRIS MANAGEMENT, INC.
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

447. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

448. Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

449. Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

450. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

451. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

452.     Defendant BURRIS MANAGEMENT, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

453.     Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XLV– BURRIS MANAGEMENT, INC.**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

454.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

455.     Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois.  Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

456.     Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

457.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

458.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

459.     Defendant BURRIS MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

460.     Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

        WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et_

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XLVI– BURRIS MANAGEMENT, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

461.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

462.    Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. therefore a "private entity" pursuant to BIPA.

463.    Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from many associated workers.

464.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

465.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC.

or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

466.    On information and belief, Defendant BURRIS MANAGEMENT, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

467.    Stating further, while not necessary to pleading these claims, BURRIS MANAGEMENT, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

468.    Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent;  (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XLVII– BURRIS MANAGEMENT, INC.
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

469.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

470.    Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois.  Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

471.    Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

472.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

473.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

474.    Defendant BURRIS MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

475.    Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XLVIII– BURRIS MANAGEMENT, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

476. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

477. Defendant BURRIS MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant BURRIS MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

478. Defendant BURRIS MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

479.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

480.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant BURRIS MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

481.    Defendant BURRIS MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

482.    Defendant BURRIS MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant BURRIS MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant BURRIS MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00

for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant BURRIS MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XLIX – CAFE M, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

483.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

484.     Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois.  Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

485.     Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

486.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

487.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

488. Defendant CAFE M, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

489. Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT L– CAFE M, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

490.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

491.    Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois.  Defendant CAFE M, LLC  is therefore a "private entity" pursuant to BIPA.

492.    Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

493.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

494.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

495.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

496.    Defendant CAFE M, LLC did not comply with its established retention schedule and destruction guidelines.

497.    Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff

and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LI– CAFE M, LLC
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

498.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

499.    Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

500.    Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

501.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless **_it first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

502.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

503.    Defendant CAFE M, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

504.    Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC

violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

<u>**COUNT LII– CAFE M, LLC**</u>
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

505.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

506.    Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

507.    Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

508.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

509.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

510.    Defendant CAFE M, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

511.    Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LIII– CAFE M, LLC
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

512.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

513.    Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

514.    Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

515.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

516.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

517.    Defendant CAFE M, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

518.    Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of

BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LIV– CAFE M, LLC**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

519.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

520.    Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois.  Defendant CAFE M, LLC therefore a "private entity" pursuant to BIPA.

521.    Defendant CAFE M, LLC is a private entity that collects biometric information from many associated workers.

522.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

523.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

524.    On information and belief, Defendant CAFE M, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

525.    Stating further, while not necessary to pleading these claims, CAFE M, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

526.    Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT LV– CAFE M, LLC**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

527.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

528.    Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois.  Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

529.    Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

530.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

531.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

532.    Defendant CAFE M, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

533.    Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

        WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable

relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LVI– CAFE M, LLC**
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

534.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

535.    Defendant CAFE M, LLC is a company organized under the laws of the State of Illinois. Defendant CAFE M, LLC is therefore a "private entity" pursuant to BIPA.

536.    Defendant CAFE M, LLC is a private entity that collects biometric information from McDonald's workers.

537.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

538.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CAFE M, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

539.     Defendant CAFE M, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

540.     Defendant CAFE M, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CAFE M, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CAFE M, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CAFE M, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LVII – CLARK 15803, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

541. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

542. Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

543. Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

544. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

545. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

546. Defendant CLARK 15803, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

547. Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LVIII– CLARK 15803, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

548.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

549.     Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

550.     Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

551.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose

for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

552.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

553.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

554.     Defendant CLARK 15803, LLC did not comply with its established retention schedule and destruction guidelines.

555.     Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT LIX– CLARK 15803, LLC**
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

556.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

557.     Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois.  Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

558.     Defendant CLARK 15803, LLC   is a private entity that collects biometric information from McDonald's workers.

559.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

560.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

561. Defendant CLARK 15803, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

562. Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LX– CLARK 15803, LLC**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

563. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

564.     Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

565.     Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

566.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

567.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

568.     Defendant CLARK 15803, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

569.     Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

        WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant

CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LXI– CLARK 15803, LLC**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

570. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

571. Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

572. Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

573. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

574. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents

through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

575.    Defendant CLARK 15803, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

576.    Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXII– CLARK 15803, LLC
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

577.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

578.    Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois.  Defendant CLARK 15803, LLC therefore a "private entity" pursuant to BIPA.

579.    Defendant CLARK 15803, LLC is a private entity that collects biometric information from many associated workers.

580.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ."  740 ILCS 114/15(d).

581.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

582.    On information and belief, Defendant CLARK 15803, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

583.    Stating further, while not necessary to pleading these claims, CLARK 15803, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

584.    Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXIII– CLARK 15803, LLC
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

585.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

586.    Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois. Defendant CLARK 15803, LLC is therefore a "private entity" pursuant to BIPA.

587.    Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

588.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

589.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

590.     Defendant CLARK 15803, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

591.     Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

        WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs

and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT LXIV– CLARK 15803, LLC**
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

592.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

593.    Defendant CLARK 15803, LLC is a company organized under the laws of the State of Illinois.  Defendant CLARK 15803, LLC   is therefore a "private entity" pursuant to BIPA.

594.    Defendant CLARK 15803, LLC is a private entity that collects biometric information from McDonald's workers.

595.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

596.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CLARK 15803, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

597.    Defendant CLARK 15803, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

598.    Defendant CLARK 15803, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CLARK 15803, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CLARK 15803, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CLARK 15803, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXV – CMJ CORP.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

599. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

600. Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

601. Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

602. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

603. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

604. Defendant CMJ CORP. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

605. Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant

135

CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXVI– CMJ CORP.
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

606.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

607.    Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

608.    Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

609.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

610.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

611.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

612.    Defendant CMJ CORP. did not comply with its established retention schedule and destruction guidelines.

613.    Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXVII– CMJ CORP.
### Violation of 740 ILCS 14/115(b)(1)

**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

614.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

615.     Defendant CMJ CORP. is a company organized under the laws of the State of Illinois.  Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

616.     Defendant CMJ CORP.  is a private entity that collects biometric information from McDonald's workers.

617.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **_it first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

618.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

619.     Defendant CMJ CORP. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

620.     Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXVIII– CMJ CORP.
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

621.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

622.    Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

623.    Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

624.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the

139

specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

625. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

626. Defendant CMJ CORP. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

627. Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LXIX– CMJ CORP.**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

628.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

629.     Defendant CMJ CORP. is a company organized under the laws of the State of Illinois.  Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

630.     Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

631.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

632.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

633.     Defendant CMJ CORP. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

634.     Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff

and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

        WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXX– CMJ CORP.
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

635.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

636.    Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP. therefore a "private entity" pursuant to BIPA.

637.    Defendant CMJ CORP. is a private entity that collects biometric information from many associated workers.

638. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

639. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

640. On information and belief, Defendant CMJ CORP. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

641. Stating further, while not necessary to pleading these claims, CMJ CORP. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

642. Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant

CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT LXXI– CMJ CORP.**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

643.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

644.    Defendant CMJ CORP. is a company organized under the laws of the State of Illinois.  Defendant CMJ CORP. is therefore a "private entity" pursuant to BIPA.

645.    Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

646.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

647.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

648.    Defendant CMJ CORP. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from

disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

649.   Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXXII– CMJ CORP.
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

650.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

651.   Defendant CMJ CORP. is a company organized under the laws of the State of Illinois. Defendant CMJ CORP.   is therefore a "private entity" pursuant to BIPA.

652.     Defendant CMJ CORP. is a private entity that collects biometric information from McDonald's workers.

653.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

654.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant CMJ CORP. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

655.     Defendant CMJ CORP. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

656.     Defendant CMJ CORP. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant CMJ CORP. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant

CMJ CORP. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant CMJ CORP. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT LXXIII – DND WITZEL ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

657.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

658.    Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

659.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

660.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

661.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES,

INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

662.    Defendant DND WITZEL ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

663.    Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXXIV– DND WITZEL ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

664.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

665.    Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant DND WITZEL ENTERPRISES, INC.  is therefore a "private entity" pursuant to BIPA.

666.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

667.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

668.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

669.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

670.    Defendant DND WITZEL ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

671.     Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LXXV– DND WITZEL ENTERPRISES, INC.**
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

672.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

673.     Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

674.    Defendant DND WITZEL ENTERPRISES, INC.  is a private entity that collects biometric information from McDonald's workers.

675.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

676.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

677.    Defendant DND WITZEL ENTERPRISES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

678.    Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._;  (3)

injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXVI– DND WITZEL ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

679. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

680. Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

681. Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

682. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

683. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES,

INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

684.    Defendant DND WITZEL ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

685.    Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXVII– DND WITZEL ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(b)(3)

**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

686.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

687.    Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

688.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

689.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

690.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

691.    Defendant DND WITZEL ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

692.    Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXVIII– DND WITZEL ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

693.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

694.     Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

695.     Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

696.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

697.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

698.    On information and belief, Defendant DND WITZEL ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

699.    Stating further, while not necessary to pleading these claims, DND WITZEL ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

700.    Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively,

statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court

finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent;

(5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS

14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT LXXIX– DND WITZEL ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

701.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

702.    Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the

laws of the State of Illinois.  Defendant DND WITZEL ENTERPRISES, INC. is therefore a

"private entity" pursuant to BIPA.

703.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects

biometric information from McDonald's workers.

704.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from

disclosure all biometric identifiers and biometric information using the reasonable standard of care

within the private entity's industry . . . ."  740 ILCS 14/15(e).

705.    The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES,

INC. or its agents through, inter alia, copying/recording of their respective fingerprints and

possibly other individual biometric data points.

706.    Defendant DND WITZEL ENTERPRISES, INC. collection and storage of the

plaintiffs' and class members' biometric data was systematic and done without storing,

transmitting, and/or protecting from disclosure all biometric identifiers and biometric information

using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

157

707.     Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT LXXX– DND WITZEL ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

708.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

709.     Defendant DND WITZEL ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant DND WITZEL ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

710.    Defendant DND WITZEL ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

711.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

712.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DND WITZEL ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

713.    Defendant DND WITZEL ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

714.    Defendant DND WITZEL ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

        WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DND WITZEL ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class

by requiring Defendant DND WITZEL ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DND WITZEL ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXXI – ESTEL FOODS, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

715.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

716.    Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

717.    Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

718.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

719.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents

through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

720.    Defendant ESTEL FOODS, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

721.    Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>COUNT LXXXII– ESTEL FOODS, INC.</u>
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

722.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

723.    Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois.  Defendant ESTEL FOODS, INC.  is therefore a "private entity" pursuant to BIPA.

724.    Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

725.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

726.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

727.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

728.    Defendant ESTEL FOODS, INC. did not comply with its established retention schedule and destruction guidelines.

729. Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXXIII– ESTEL FOODS, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

730. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

731. Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

732. Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

733.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

734.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

735.    Defendant ESTEL FOODS, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

736.    Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2)  a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq_.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXXIV– ESTEL FOODS, INC.
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

737.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

738.    Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

739.    Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

740.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **_it first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

741.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

742. Defendant ESTEL FOODS, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

743. Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LXXXV– ESTEL FOODS, INC.**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

744. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

745.     Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois.  Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

746.     Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

747.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

748.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

749.     Defendant ESTEL FOODS, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

750.     Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant ESTEL

FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT LXXXVI– ESTEL FOODS, INC.**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

751.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

752.    Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. therefore a "private entity" pursuant to BIPA.

753.    Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from many associated workers.

754.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

755.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

756.    On information and belief, Defendant ESTEL FOODS, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

757.    Stating further, while not necessary to pleading these claims, ESTEL FOODS, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

758.    Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT LXXXVII– ESTEL FOODS, INC.
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

759.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

760.     Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois.  Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

761.     Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

762.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

763.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

764.     Defendant ESTEL FOODS, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

765.     Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant ESTEL FOODS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT LXXXVIII– ESTEL FOODS, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

766.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

767.    Defendant ESTEL FOODS, INC. is a company organized under the laws of the State of Illinois. Defendant ESTEL FOODS, INC. is therefore a "private entity" pursuant to BIPA.

768.    Defendant ESTEL FOODS, INC. is a private entity that collects biometric information from McDonald's workers.

769.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or

more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

770.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant ESTEL FOODS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

771.    Defendant ESTEL FOODS, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

772.    Defendant ESTEL FOODS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant ESTEL FOODS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant ESTEL FOODS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant

172

ESTEL FOODS, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT LXXXIX – F & F INVESTMENTS OF ILLINOIS, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

773.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

774.     Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois.  Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

775.     Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

776.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

777.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

778.     Defendant F & F INVESTMENTS OF ILLINOIS, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for

permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

779. Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XC– F & F INVESTMENTS OF ILLINOIS, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

780. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

781.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois.  Defendant F & F INVESTMENTS OF ILLINOIS, INC.  is therefore a "private entity" pursuant to BIPA.

782.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

783.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

784.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

785.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

786.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. did not comply with its established retention schedule and destruction guidelines.

787.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCI– F & F INVESTMENTS OF ILLINOIS, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

788.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

789.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

790.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

791.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

792.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

793.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

794.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the

requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCII– F & F INVESTMENTS OF ILLINOIS, INC.
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

795. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

796. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

797. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

798. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

799. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

800.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

801.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XCIII– F & F INVESTMENTS OF ILLINOIS, INC.**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

802.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

803.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois.  Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

804.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

805.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

806.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

807.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

808.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant F & F

INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et*

*seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and

the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the

requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages

of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or

alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the

event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of

BIPA were negligent;   (5)  reasonable attorneys' fees and costs and other litigation expense

pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT XCIV– F & F INVESTMENTS OF ILLINOIS, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

809.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

810.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized

under the laws of the State of Illinois.  Defendant F & F INVESTMENTS OF ILLINOIS, INC.

therefore a "private entity" pursuant to BIPA.

811.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that

collects biometric information from many associated workers.

812.    BIPA makes it unlawful for any private entity in possession of a biometric identifier

or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or

customer's biometric identifier or biometric information . . . ."  740 ILCS 114/15(d).

813.    The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF

ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

814.    On information and belief, Defendant F & F INVESTMENTS OF ILLINOIS, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

815.    Stating further, while not necessary to pleading these claims, F & F INVESTMENTS OF ILLINOIS, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

816.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of

BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCV– F & F INVESTMENTS OF ILLINOIS, INC.
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

817.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

818.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

819.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

820.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

821.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

822.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

823.    Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCVI– F & F INVESTMENTS OF ILLINOIS, INC.
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

824. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

825. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a company organized under the laws of the State of Illinois. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is therefore a "private entity" pursuant to BIPA.

826. Defendant F & F INVESTMENTS OF ILLINOIS, INC. is a private entity that collects biometric information from McDonald's workers.

827. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

828. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant F & F INVESTMENTS OF ILLINOIS, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

829. Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

830. Defendant F & F INVESTMENTS OF ILLINOIS, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant F & F INVESTMENTS OF ILLINOIS, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant F & F INVESTMENTS OF ILLINOIS, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages

of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant F & F INVESTMENTS OF ILLINOIS, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT XCVII – GUERO, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

831.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

832.    Defendant GUERO, LLC is a company organized under the laws of the State of Illinois.  Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

833.    Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

834.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

835.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

836.     Defendant GUERO, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

837.     Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT XCVIII– GUERO, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

838.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

839.    Defendant GUERO, LLC is a company organized under the laws of the State of Illinois.  Defendant GUERO, LLC  is therefore a "private entity" pursuant to BIPA.

840.    Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

841.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

842.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

843.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

844.    Defendant GUERO, LLC did not comply with its established retention schedule and destruction guidelines.

845.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff

and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XCIX– GUERO, LLC
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

846. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

847. Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

848. Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

849. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless **_it first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

850.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

851.    Defendant GUERO, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

852.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO,

LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT C– GUERO, LLC
#### Violation of 740 ILCS 14/15(b)(2)
#### Failure to Inform of the Specific Purpose and Length of Term
#### (On Behalf of Plaintiffs and the Class)

853.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

854.    Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

855.    Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

856.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

857.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

858.    Defendant GUERO, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

859.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CI– GUERO, LLC
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

860.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

861.    Defendant GUERO, LLC is a company organized under the laws of the State of Illinois. Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

862.    Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

863.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

864.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

865.    Defendant GUERO, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

866.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq._, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq_.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless

violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CII– GUERO, LLC**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

867.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

868.     Defendant GUERO, LLC is a company organized under the laws of the State of Illinois.  Defendant GUERO, LLC therefore a "private entity" pursuant to BIPA.

869.     Defendant GUERO, LLC is a private entity that collects biometric information from many associated workers.

870.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

871.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

872.     On information and belief, Defendant GUERO, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

873.    Stating further, while not necessary to pleading these claims, GUERO, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

874.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CIII– GUERO, LLC**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

875.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

876.    Defendant GUERO, LLC is a company organized under the laws of the State of Illinois.  Defendant GUERO, LLC is therefore a "private entity" pursuant to BIPA.

877.    Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

878.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

879.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

880.    Defendant GUERO, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

881.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and

equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

<u>**COUNT CIV– GUERO, LLC**</u>
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

882.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

883.    Defendant GUERO, LLC is a company organized under the laws of the State of Illinois.  Defendant GUERO, LLC   is therefore a "private entity" pursuant to BIPA.

884.    Defendant GUERO, LLC is a private entity that collects biometric information from McDonald's workers.

885.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

886.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant GUERO, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

887.    Defendant GUERO, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

888.    Defendant GUERO, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant GUERO, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant GUERO, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant GUERO, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CV – J&B ENTERPRISES OF SPRINGFIELD, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

889. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

890. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

891. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

892. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

893. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

894. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

895. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described

herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CVI– J&B ENTERPRISES OF SPRINGFIELD, INC.**
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

896.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

897.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

898.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

899. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

900. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

901. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

902. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. did not comply with its established retention schedule and destruction guidelines.

903. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1

*et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CVII– J&B ENTERPRISES OF SPRINGFIELD, INC.**
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

904.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

905.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

906.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

907.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

908.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

909.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

910.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other

litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CVIII– J&B ENTERPRISES OF SPRINGFIELD, INC.**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

911.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

912.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

913.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

914.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

915.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

916.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

917.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CIX– J&B ENTERPRISES OF SPRINGFIELD, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

918.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

919.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

920.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

921.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **_it first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

922.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

923.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

924.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs

and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply

with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory

damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS

14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS

14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD,

INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other

litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate

in the premises.

### COUNT CX– J&B ENTERPRISES OF SPRINGFIELD, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

925.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

926.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized

under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC.

therefore a "private entity" pursuant to BIPA.

927.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that

collects biometric information from many associated workers.

928.     BIPA makes it unlawful for any private entity in possession of a biometric identifier

or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or

customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

929.     The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF

SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective

fingerprints and possibly other individual biometric data points.

930.    On information and belief, Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

931.    Stating further, while not necessary to pleading these claims, J&B ENTERPRISES OF SPRINGFIELD, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

932.    Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other

litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXI– J&B ENTERPRISES OF SPRINGFIELD, INC.**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

933.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

934.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

935.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

936.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

937.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

938.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

939.     Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described

herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXII– J&B ENTERPRISES OF SPRINGFIELD, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

940. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

941. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a company organized under the laws of the State of Illinois. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is therefore a "private entity" pursuant to BIPA.

942. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. is a private entity that collects biometric information from McDonald's workers.

943. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

944. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

945. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

946. Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory

damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant J&B ENTERPRISES OF SPRINGFIELD, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXIII – JANN RESTAURANT, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

947.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

948.   Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois. Defendant JANN RESTAURANT, INC. is therefore a "private entity" pursuant to BIPA.

949.   Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

950.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

951.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its

212

agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

952.     Defendant JANN RESTAURANT, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

953.     Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>COUNT CXIV– JANN RESTAURANT, INC.</u>
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

954.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

955.     Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois.  Defendant JANN RESTAURANT, INC.  is therefore a "private entity" pursuant to BIPA.

956.     Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

957.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

958.     BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

959.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

960.     Defendant JANN RESTAURANT, INC. did not comply with its established retention schedule and destruction guidelines.

961.     Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXV– JANN RESTAURANT, INC.
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

962.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

963.     Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois.  Defendant JANN RESTAURANT, INC. is therefore a "private entity" pursuant to BIPA.

964.     Defendant JANN RESTAURANT, INC.  is a private entity that collects biometric information from McDonald's workers.

965.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

966.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

967.     Defendant JANN RESTAURANT, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

968.     Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq_.; (3)  injunctive

and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXVI– JANN RESTAURANT, INC.
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

969.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

970.    Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois. Defendant JANN RESTAURANT, INC. is therefore a "private entity" pursuant to BIPA.

971.    Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

972.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

973.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its

agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

974.    Defendant JANN RESTAURANT, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

975.    Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXVII– JANN RESTAURANT, INC.**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

976.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

977.     Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois.  Defendant JANN RESTAURANT, INC. is therefore a "private entity" pursuant to BIPA.

978.     Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

979.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

980.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

981.     Defendant JANN RESTAURANT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

982.     Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXVIII– JANN RESTAURANT, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

983.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

984.     Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois. Defendant JANN RESTAURANT, INC. therefore a "private entity" pursuant to BIPA.

985.     Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from many associated workers.

986.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

987.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

988.    On information and belief, Defendant JANN RESTAURANT, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

989.    Stating further, while not necessary to pleading these claims, JANN RESTAURANT, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

990.    Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively,

statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court

finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);

and (6) for any other relief deemed appropriate in the premises.

**COUNT CXIX– JANN RESTAURANT, INC.**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

991.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

992.    Defendant JANN RESTAURANT, INC. is a company organized under the laws of

the State of Illinois.  Defendant JANN RESTAURANT, INC. is therefore a "private entity"

pursuant to BIPA.

993.    Defendant JANN RESTAURANT, INC. is a private entity that collects biometric

information from McDonald's workers.

994.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from

disclosure all biometric identifiers and biometric information using the reasonable standard of care

within the private entity's industry . . . ." 740 ILCS 14/15(e).

995.    The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its

agents through, inter alia, copying/recording of their respective fingerprints and possibly other

individual biometric data points.

996.    Defendant JANN RESTAURANT, INC. collection and storage of the plaintiffs'

and class members' biometric data was systematic and done without storing, transmitting, and/or

protecting from disclosure all biometric identifiers and biometric information using the reasonable

standard of care within its industry as required by 740 ILCS 14/15(e)(1).

997.     Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXX– JANN RESTAURANT, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

998.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

999.     Defendant JANN RESTAURANT, INC. is a company organized under the laws of the State of Illinois. Defendant JANN RESTAURANT, INC. is therefore a "private entity" pursuant to BIPA.

1000.   Defendant JANN RESTAURANT, INC. is a private entity that collects biometric information from McDonald's workers.

1001.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1002.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JANN RESTAURANT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1003.  Defendant JANN RESTAURANT, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1004.  Defendant JANN RESTAURANT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant JANN RESTAURANT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

Defendant JANN RESTAURANT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JANN RESTAURANT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXI – JEFFERS FAMILY MANAGEMENT, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

1005.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1006.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1007.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1008.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1009.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY

225

MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1010.    Defendant JEFFERS FAMILY MANAGEMENT, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1011.    Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXII– JEFFERS FAMILY MANAGEMENT, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1012.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1013.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1014.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1015.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1016.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1017.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1018.   Defendant JEFFERS FAMILY MANAGEMENT, INC. did not comply with its established retention schedule and destruction guidelines.

1019.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXIII– JEFFERS FAMILY MANAGEMENT, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1020.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1021.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois.  Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1022.   Defendant JEFFERS FAMILY MANAGEMENT, INC.  is a private entity that collects biometric information from McDonald's workers.

1023.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1024.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1025.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1026.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXXIV– JEFFERS FAMILY MANAGEMENT, INC.
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

1027.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1028.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1029.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1030.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless **_it first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1031. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1032. Defendant JEFFERS FAMILY MANAGEMENT, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1033. Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS

14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CXXV– JEFFERS FAMILY MANAGEMENT, INC.**
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1034.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1035.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois.  Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1036.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1037.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1038.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1039.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1040.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXVI– JEFFERS FAMILY MANAGEMENT, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1041.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1042.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois.  Defendant JEFFERS FAMILY MANAGEMENT, INC. therefore a "private entity" pursuant to BIPA.

1043.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from many associated workers.

1044.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ."  740 ILCS 114/15(d).

1045.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1046.   On information and belief, Defendant JEFFERS FAMILY MANAGEMENT, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1047.   Stating further, while not necessary to pleading these claims, JEFFERS FAMILY MANAGEMENT, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1048.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXVII– JEFFERS FAMILY MANAGEMENT, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1049. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1050. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois. Defendant JEFFERS FAMILY MANAGEMENT, INC. is therefore a "private entity" pursuant to BIPA.

1051. Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1052.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1053.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1054.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1055.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS

14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT CXXVIII– JEFFERS FAMILY MANAGEMENT, INC.
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1056.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1057.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a company organized under the laws of the State of Illinois.  Defendant JEFFERS FAMILY MANAGEMENT, INC.  is therefore a "private entity" pursuant to BIPA.

1058.   Defendant JEFFERS FAMILY MANAGEMENT, INC. is a private entity that collects biometric information from McDonald's workers.

1059.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1060.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JEFFERS FAMILY MANAGEMENT, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1061.   Defendant JEFFERS FAMILY MANAGEMENT, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as

or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1062. Defendant JEFFERS FAMILY MANAGEMENT, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JEFFERS FAMILY MANAGEMENT, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JEFFERS FAMILY MANAGEMENT, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JEFFERS FAMILY MANAGEMENT, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXXIX – KARAVITES RESTAURANT 33426, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1063. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1064.     Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

1065.     Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1066.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

1067.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1068.     Defendant KARAVITES RESTAURANT 33426, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1069.     Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXX– KARAVITES RESTAURANT 33426, LLC
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

1070.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1071.     Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

1072.     Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1073.     BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial

purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1074. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1075. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1076. Defendant KARAVITES RESTAURANT 33426, LLC did not comply with its established retention schedule and destruction guidelines.

1077. Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for

the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXXXI– KARAVITES RESTAURANT 33426, LLC**
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1078.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1079.    Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

1080.    Defendant KARAVITES RESTAURANT 33426, LLC  is a private entity that collects biometric information from McDonald's workers.

1081.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1082.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1083.    Defendant KARAVITES RESTAURANT 33426, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs

and class members in writing that a biometric identifier or biometric information was being collected or stored.

1084.     Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXXXII– KARAVITES RESTAURANT 33426, LLC
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

1085.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1086.     Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

1087.     Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1088.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1089.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1090.     Defendant KARAVITES RESTAURANT 33426, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1091.     Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXXIII– KARAVITES RESTAURANT 33426, LLC
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1092.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1093.    Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

1094.    Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1095.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers

245

or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1096.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1097.    Defendant KARAVITES RESTAURANT 33426, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1098.    Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq_.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent;

(5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXXXIV– KARAVITES RESTAURANT 33426, LLC
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

1099.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1100.     Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 33426, LLC therefore a "private entity" pursuant to BIPA.

1101.     Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from many associated workers.

1102.     BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1103.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1104.     On information and belief, Defendant KARAVITES RESTAURANT 33426, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1105.     Stating further, while not necessary to pleading these claims, KARAVITES RESTAURANT 33426, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1106.     Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXXV– KARAVITES RESTAURANT 33426, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1107.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1108.     Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 33426, LLC is therefore a "private entity" pursuant to BIPA.

1109.     Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1110.     BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1111.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1112.     Defendant KARAVITES RESTAURANT 33426, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1113.     Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant KARAVITES

RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXXVI– KARAVITES RESTAURANT 33426, LLC
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

1114.      Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1115.      Defendant KARAVITES RESTAURANT 33426, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 33426, LLC   is therefore a "private entity" pursuant to BIPA.

1116.      Defendant KARAVITES RESTAURANT 33426, LLC is a private entity that collects biometric information from McDonald's workers.

1117.      BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1118.      The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 33426,

LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1119.    Defendant KARAVITES RESTAURANT 33426, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1120.    Defendant KARAVITES RESTAURANT 33426, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 33426, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 33426, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 33426, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXXXVII – KARAVITES RESTAURANT 6298, LLC

**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1121.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1122.    Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1123.    Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1124.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1125.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1126.    Defendant KARAVITES RESTAURANT 6298, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1127.        Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXXXVIII– KARAVITES RESTAURANT 6298, LLC
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

1128.        Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1129.        Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1130.    Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1131.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1132.    BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1133.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1134.    Defendant KARAVITES RESTAURANT 6298, LLC did not comply with its established retention schedule and destruction guidelines.

1135.    Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,*

appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXXXIX– KARAVITES RESTAURANT 6298, LLC
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

1136.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1137.    Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1138.    Defendant KARAVITES RESTAURANT 6298, LLC  is a private entity that collects biometric information from McDonald's workers.

1139.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1140.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1141.     Defendant KARAVITES RESTAURANT 6298, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1142.     Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent;

(5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXL– KARAVITES RESTAURANT 6298, LLC**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1143.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1144.     Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1145.     Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1146.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1147.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1148.     Defendant KARAVITES RESTAURANT 6298, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1149.     Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLI– KARAVITES RESTAURANT 6298, LLC
#### Violation of 740 ILCS 14/15(b)(3)
#### Failure to Obtain Written Release
#### (On Behalf of Plaintiffs and the Class)

1150.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1151.     Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1152.     Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1153.     BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1154.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1155.     Defendant KARAVITES RESTAURANT 6298, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1156.     Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of

BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLII– KARAVITES RESTAURANT 6298, LLC
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

1157.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1158.    Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC therefore a "private entity" pursuant to BIPA.

1159.    Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from many associated workers.

1160.    BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1161.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1162.    On information and belief, Defendant KARAVITES RESTAURANT 6298, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class

members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1163.    Stating further, while not necessary to pleading these claims, KARAVITES RESTAURANT 6298, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1164.    Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>**COUNT CXLIII– KARAVITES RESTAURANT 6298, LLC**</u>
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1165.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1166.    Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois.  Defendant KARAVITES RESTAURANT 6298, LLC is therefore a "private entity" pursuant to BIPA.

1167.    Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1168.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1169.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1170.    Defendant KARAVITES RESTAURANT 6298, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1171.    Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,*

appointing the undersigned counsel as class counsel; (2) a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXLIV– KARAVITES RESTAURANT 6298, LLC
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1172.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1173.    Defendant KARAVITES RESTAURANT 6298, LLC is a company organized under the laws of the State of Illinois. Defendant KARAVITES RESTAURANT 6298, LLC    is therefore a "private entity" pursuant to BIPA.

1174.    Defendant KARAVITES RESTAURANT 6298, LLC is a private entity that collects biometric information from McDonald's workers.

1175.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1176.     The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant KARAVITES RESTAURANT 6298, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1177.     Defendant KARAVITES RESTAURANT 6298, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1178.     Defendant KARAVITES RESTAURANT 6298, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant KARAVITES RESTAURANT 6298, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant KARAVITES RESTAURANT 6298, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant KARAVITES RESTAURANT 6298, LLC violations of BIPA were negligent;

(5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXLV – MARYMAC, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

1179.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1180.   Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois.  Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1181.   Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1182.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

1183.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1184.   Defendant MARYMAC, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1185.   Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLVI– MARYMAC, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1186.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1187.   Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois.  Defendant MARYMAC, INC.  is therefore a "private entity" pursuant to BIPA.

1188.   Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1189.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1190.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1191.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1192.   Defendant MARYMAC, INC. did not comply with its established retention schedule and destruction guidelines.

1193.   Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive

and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLVII– MARYMAC, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1194.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1195.   Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois.  Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1196.   Defendant MARYMAC, INC.  is a private entity that collects biometric information from McDonald's workers.

1197.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1198. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents

through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1199.    Defendant MARYMAC, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1200.    Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXLVIII– MARYMAC, INC.
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1201.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1202.   Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois. Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1203.   Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1204.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1205.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1206.   Defendant MARYMAC, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1207.   Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et_

*seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT CXLIX– MARYMAC, INC.
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

1208.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1209.   Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois.  Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1210.   Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1211.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1212.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1213.   Defendant MARYMAC, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1214.   Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

273 of 447

## COUNT CL– MARYMAC, INC.
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

1215.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1216.   Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois.  Defendant MARYMAC, INC. therefore a "private entity" pursuant to BIPA.

1217.   Defendant MARYMAC, INC. is a private entity that collects biometric information from many associated workers.

1218.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1219.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1220.   On information and belief, Defendant MARYMAC, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1221.   Stating further, while not necessary to pleading these claims, MARYMAC, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1222.   Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff

and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLI– MARYMAC, INC.
#### Violation of 740 ILCS 14/15(e)(1)
#### Failure to Use Reasonable Standard of Care
#### (On Behalf of Plaintiffs and the Class)

1223. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1224. Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois. Defendant MARYMAC, INC. is therefore a "private entity" pursuant to BIPA.

1225. Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1226.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1227.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1228.   Defendant MARYMAC, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1229.   Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of

$1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

<u>COUNT CLII– MARYMAC, INC.</u>
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1230.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1231.    Defendant MARYMAC, INC. is a company organized under the laws of the State of Illinois.  Defendant MARYMAC, INC.   is therefore a "private entity" pursuant to BIPA.

1232.    Defendant MARYMAC, INC. is a private entity that collects biometric information from McDonald's workers.

1233.    BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1234.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MARYMAC, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1235.    Defendant MARYMAC, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1236.   Defendant MARYMAC, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MARYMAC, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MARYMAC, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MARYMAC, INC. violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CLIII – MCDONALD'S RESTAURANTS OF IL, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Properly Establish Publicly-Available Policy
#### (On Behalf of Plaintiffs and the Class)

1237.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1238.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1239.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1240.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1241.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1242.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1243.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant

MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLIV– MCDONALD'S RESTAURANTS OF IL, INC.
#### Violation of 740 ILCS 14/15(a)
#### Failure to Comply with Established Retention Schedule and Destruction Guidelines
#### (On Behalf of Plaintiffs and the Class)

1244. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1245. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1246. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1247. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1248.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

1249.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1250.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. did not comply with its established retention schedule and destruction guidelines.

1251.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS

14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLV– MCDONALD'S RESTAURANTS OF IL, INC.
#### Violation of 740 ILCS 14/115(b)(1)
#### Failure to Inform of Collection and/or Storage
#### (On Behalf of Plaintiffs and the Class)

1252.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1253.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1254.   Defendant MCDONALD'S RESTAURANTS OF IL, INC.  is a private entity that collects biometric information from McDonald's workers.

1255.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1256.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1257.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the

plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1258.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLVI– MCDONALD'S RESTAURANTS OF IL, INC.
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1259.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1260.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1261.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1262.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1263.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1264.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1265.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLVII– MCDONALD'S RESTAURANTS OF IL, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1266.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1267.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1268.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1269.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1270. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1271. Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1272. Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS

14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>COUNT CLVIII– MCDONALD'S RESTAURANTS OF IL, INC.</u>
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1273. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1274. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S RESTAURANTS OF IL, INC. therefore a "private entity" pursuant to BIPA.

1275. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from many associated workers.

1276. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1277. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1278. On information and belief, Defendant MCDONALD'S RESTAURANTS OF IL, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1279.  Stating further, while not necessary to pleading these claims, MCDONALD'S RESTAURANTS OF IL, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1280.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CLIX– MCDONALD'S RESTAURANTS OF IL, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1281.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1282.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois.  Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1283.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1284.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1285.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1286.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1287.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant

MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLX– MCDONALD'S RESTAURANTS OF IL, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1288.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1289.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a company organized under the laws of the State of Illinois. Defendant MCDONALD'S RESTAURANTS OF IL, INC. is therefore a "private entity" pursuant to BIPA.

1290.   Defendant MCDONALD'S RESTAURANTS OF IL, INC. is a private entity that collects biometric information from McDonald's workers.

1291.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1292. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCDONALD'S RESTAURANTS OF IL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1293. Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1294. Defendant MCDONALD'S RESTAURANTS OF IL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCDONALD'S RESTAURANTS OF IL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCDONALD'S RESTAURANTS OF IL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCDONALD'S RESTAURANTS OF IL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other

litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CLXI – MCGRAW ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1295.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1296.   Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1297.   Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1298.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1299.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1300.   Defendant MCGRAW ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose

for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1301. Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CLXII– MCGRAW ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

1302. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1303.   Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MCGRAW ENTERPRISES, INC.  is therefore a "private entity" pursuant to BIPA.

1304.   Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1305.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

1306.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

1307.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1308.   Defendant MCGRAW ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

1309.   Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXIII– MCGRAW ENTERPRISES, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1310. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1311. Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1312. Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1313. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1314. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1315. Defendant MCGRAW ENTERPRISES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1316. Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements

of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CLXIV– MCGRAW ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1317. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1318. Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1319. Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1320. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1321. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1322.   Defendant MCGRAW ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1323.   Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CLXV– MCGRAW ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

1324.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1325.  Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1326.  Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1327.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **_it first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1328.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1329.  Defendant MCGRAW ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1330.  Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

seq., appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXVI– MCGRAW ENTERPRISES, INC.
#### Violation of 740 ILCS 14/15(d)
#### Unauthorized Disclosure / Redisclosure / Dissemination
#### (On Behalf of Plaintiffs and the Class)

1331.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1332.  Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MCGRAW ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

1333.  Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

1334.  BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1335.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC.

or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1336.   On information and belief, Defendant MCGRAW ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1337.  Stating further, while not necessary to pleading these claims, MCGRAW ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1338.   Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent;  (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CLXVII– MCGRAW ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1339.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1340.   Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1341.   Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1342.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1343.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1344.   Defendant MCGRAW ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1345.   Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXVIII– MCGRAW ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1346. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1347. Defendant MCGRAW ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MCGRAW ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1348. Defendant MCGRAW ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1349.  BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1350.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MCGRAW ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1351.  Defendant MCGRAW ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1352.  Defendant MCGRAW ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MCGRAW ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MCGRAW ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00

for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MCGRAW ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXIX – MIBRYA, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1353. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1354. Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

1355. Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1356. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1357. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1358.   Defendant MIBRYA, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1359.   Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CLXX– MIBRYA, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1360.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1361.   Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois.  Defendant MIBRYA, LLC  is therefore a "private entity" pursuant to BIPA.

1362.   Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1363.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1364.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1365.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1366.   Defendant MIBRYA, LLC did not comply with its established retention schedule and destruction guidelines.

1367.   Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff

and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXI– MIBRYA, LLC
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1368. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1369. Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

1370. Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1371. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

307

identifiers or biometric information, unless **_it first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1372.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1373.   Defendant MIBRYA, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1374.   Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE,  individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA,

LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CLXXII– MIBRYA, LLC**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1375.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1376.   Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

1377.   Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1378.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1379.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1380.   Defendant MIBRYA, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1381. Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CLXXIII– MIBRYA, LLC
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

1382. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1383. Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois. Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

1384. Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1385.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1386.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1387.  Defendant MIBRYA, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1388.  Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless

violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent;   (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXIV– MIBRYA, LLC
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

1389.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1390.   Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois.  Defendant MIBRYA, LLC therefore a "private entity" pursuant to BIPA.

1391.   Defendant MIBRYA, LLC is a private entity that collects biometric information from many associated workers.

1392.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1393.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1394.   On information and belief, Defendant MIBRYA, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1395.   Stating further, while not necessary to pleading these claims, MIBRYA, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1396.   Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXV– MIBRYA, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1397.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1398.   Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois.  Defendant MIBRYA, LLC is therefore a "private entity" pursuant to BIPA.

1399.   Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1400.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1401.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1402.   Defendant MIBRYA, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1403.   Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and

equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXVI– MIBRYA, LLC
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1404.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1405.   Defendant MIBRYA, LLC is a company organized under the laws of the State of Illinois.  Defendant MIBRYA, LLC   is therefore a "private entity" pursuant to BIPA.

1406.   Defendant MIBRYA, LLC is a private entity that collects biometric information from McDonald's workers.

1407.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1408.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MIBRYA, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1409.   Defendant MIBRYA, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1410.   Defendant MIBRYA, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MIBRYA, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MIBRYA, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MIBRYA, LLC violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT CLXXVII – MMJ ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

1411. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1412. Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1413. Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1414. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1415. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1416. Defendant MMJ ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1417. Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXVIII– MMJ ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1418.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1419.    Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MMJ ENTERPRISES, INC.  is therefore a "private entity" pursuant to BIPA.

1420.    Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1421.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1422.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1423.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1424.   Defendant MMJ ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

1425.   Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive

and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXIX– MMJ ENTERPRISES, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1426. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1427. Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1428. Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1429. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1430. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its

agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1431.   Defendant MMJ ENTERPRISES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1432.   Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;   (4)   statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent;   (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CLXXX– MMJ ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(b)(2)**

**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1433.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1434.   Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1435.   Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1436.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1437.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1438.   Defendant MMJ ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1439.   Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXI– MMJ ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1440. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1441. Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1442. Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1443. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***: . . . (3) receives a written release executed by

the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1444.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1445.   Defendant MMJ ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1446.   Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CLXXXII– MMJ ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

1447.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1448.   Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MMJ ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

1449.   Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

1450.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ."  740 ILCS 114/15(d).

1451.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1452.   On information and belief, Defendant MMJ ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1453. Stating further, while not necessary to pleading these claims, MMJ ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1454. Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXIII– MMJ ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1455. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1456.   Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MMJ ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1457.   Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1458.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1459.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1460.   Defendant MMJ ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1461.   Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant MMJ

ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXIV– MMJ ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1462.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1463.   Defendant MMJ ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant MMJ ENTERPRISES, INC.   is therefore a "private entity" pursuant to BIPA.

1464.   Defendant MMJ ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1465.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1466.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant MMJ ENTERPRISES, INC. or its

agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1467.   Defendant MMJ ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1468.   Defendant MMJ ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant MMJ ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant MMJ ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant MMJ ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CLXXXV – P.T. POULEE, LLC

**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1469.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1470.    Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois.  Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1471.    Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1472.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1473.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1474.    Defendant P.T. POULEE, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1475.    Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXVI– P.T. POULEE, LLC
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1476. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1477. Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1478. Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1479. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for

permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1480.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1481.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1482.   Defendant P.T. POULEE, LLC did not comply with its established retention schedule and destruction guidelines.

1483.   Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection,

storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

<u>COUNT CLXXXVII– P.T. POULEE, LLC</u>
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1484.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1485.   Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois.  Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1486.   Defendant P.T. POULEE, LLC   is a private entity that collects biometric information from McDonald's workers.

1487.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1488. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1489.   Defendant P.T. POULEE, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1490.   Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXVIII– P.T. POULEE, LLC
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1491.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1492.  Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1493.  Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1494.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1495.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1496.  Defendant P.T. POULEE, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1497.  Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant P.T.

335

POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CLXXXIX– P.T. POULEE, LLC
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

1498. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1499. Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1500. Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1501. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1502. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents

through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1503.   Defendant P.T. POULEE, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1504.   Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CXC– P.T. POULEE, LLC**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1505.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1506.  Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois.  Defendant P.T. POULEE, LLC therefore a "private entity" pursuant to BIPA.

1507.  Defendant P.T. POULEE, LLC is a private entity that collects biometric information from many associated workers.

1508.  BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ."  740 ILCS 114/15(d).

1509.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1510.  On information and belief, Defendant P.T. POULEE, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1511.  Stating further, while not necessary to pleading these claims, P.T. POULEE, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1512.  Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCI– P.T. POULEE, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1513. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1514. Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois. Defendant P.T. POULEE, LLC is therefore a "private entity" pursuant to BIPA.

1515. Defendant P.T. POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1516. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1517.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1518.   Defendant P.T. POULEE, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1519.   Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs

and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCII– P.T. POULEE, LLC
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1520.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1521.   Defendant P.T. POULEE, LLC is a company organized under the laws of the State of Illinois.  Defendant P.T. POULEE, LLC   is therefore a "private entity" pursuant to BIPA.

1522.   Defendant P.T.  POULEE, LLC is a private entity that collects biometric information from McDonald's workers.

1523.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1524.   The  plaintiffs  and  the  Class  are  Illinois  citizens  that  had  their  "biometric information" collected and stored by McDonald's / Defendant P.T. POULEE, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1525.   Defendant P.T. POULEE, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1526.   Defendant P.T. POULEE, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant P.T. POULEE, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant P.T. POULEE, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant P.T. POULEE, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CXCIII – PETRO BEAR, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

1527. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1528. Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1529. Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

342

1530.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1531.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1532.   Defendant PETRO BEAR, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1533.   Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CXCIV– PETRO BEAR, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1534.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1535.   Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois.  Defendant PETRO BEAR, LLC  is therefore a "private entity" pursuant to BIPA.

1536.   Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

1537.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1538.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1539.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1540.   Defendant PETRO BEAR, LLC did not comply with its established retention schedule and destruction guidelines.

1541.   Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCV– PETRO BEAR, LLC
### Violation of 740 ILCS 14/115(b)(1)

**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1542.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1543.   Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois.  Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1544.   Defendant PETRO BEAR, LLC  is a private entity that collects biometric information from McDonald's workers.

1545.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **_it first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1546.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1547.   Defendant PETRO BEAR, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1548.   Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

346

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCVI– PETRO BEAR, LLC
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1549. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1550. Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1551. Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

1552. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the

specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1553. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1554. Defendant PETRO BEAR, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1555. Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs

and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCVII– PETRO BEAR, LLC
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1556.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1557.   Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois.  Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1558.  Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

1559.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1560.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1561.   Defendant PETRO BEAR, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1562.   Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CXCVIII– PETRO BEAR, LLC
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

1563. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1564. Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC therefore a "private entity" pursuant to BIPA.

1565. Defendant PETRO BEAR, LLC is a private entity that collects biometric information from many associated workers.

1566.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ."  740 ILCS 114/15(d).

1567.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1568.   On information and belief, Defendant PETRO BEAR, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1569.   Stating further, while not necessary to pleading these claims, PETRO BEAR, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1570.   Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CXCIX– PETRO BEAR, LLC**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1571.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1572.   Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois. Defendant PETRO BEAR, LLC is therefore a "private entity" pursuant to BIPA.

1573.   Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

1574.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1575.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1576.   Defendant PETRO BEAR, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting

352

from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1577.   Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CC– PETRO BEAR, LLC
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1578.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1579.   Defendant PETRO BEAR, LLC is a company organized under the laws of the State of Illinois.  Defendant PETRO BEAR, LLC   is therefore a "private entity" pursuant to BIPA.

1580.  Defendant PETRO BEAR, LLC is a private entity that collects biometric information from McDonald's workers.

1581.  BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1582.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant PETRO BEAR, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1583.  Defendant PETRO BEAR, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1584.  Defendant PETRO BEAR, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant PETRO BEAR, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

354

Defendant PETRO BEAR, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant PETRO BEAR, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

<u>COUNT CCI – Q3, LLC</u>
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1585.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1586.    Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1587.    Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1588.    BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1589.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter

alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1590. Defendant Q3, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1591. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCII– Q3, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1592.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1593.  Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1594.  Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1595.  BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1596.  BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1597.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1598.  Defendant Q3, LLC did not comply with its established retention schedule and destruction guidelines.

1599. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCIII– Q3, LLC
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

1600. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1601. Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1602. Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1603.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1604.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1605.  Defendant Q3, LLC collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1606.  Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of

BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CCIV– Q3, LLC**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1607.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1608.    Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1609.    Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1610.    BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **_it first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1611.    The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1612.   Defendant Q3, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1613.   Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCV– Q3, LLC
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

1614.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1615. Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1616. Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1617. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b)(3) (emphasis added).

1618. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1619. Defendant Q3, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1620. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3,

LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCVI– Q3, LLC
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1621.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1622.   Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC therefore a "private entity" pursuant to BIPA.

1623.   Defendant Q3, LLC is a private entity that collects biometric information from many associated workers.

1624.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1625.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1626.   On information and belief, Defendant Q3, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1627.   Stating further, while not necessary to pleading these claims, Q3, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.   740 ILSC 14/15(d)(1).

1628.   Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CCVII– Q3, LLC**
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1629.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1630.   Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1631.   Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1632.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1633.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1634.   Defendant Q3, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1635.   Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCVIII– Q3, LLC
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1636. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1637. Defendant Q3, LLC is a company organized under the laws of the State of Illinois. Defendant Q3, LLC is therefore a "private entity" pursuant to BIPA.

1638. Defendant Q3, LLC is a private entity that collects biometric information from McDonald's workers.

1639. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1640. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant Q3, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1641. Defendant Q3, LLC collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1642. Defendant Q3, LLC collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Q3, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant Q3, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Q3, LLC violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation

expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCIX – RAF ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1643.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1644.   Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1645.   Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1646.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1647.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1648.   Defendant RAF ENTERPRISES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting

or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1649.   Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCX– RAF ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

1650.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1651.   Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant RAF ENTERPRISES, INC.  is therefore a "private entity" pursuant to BIPA.

1652.   Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1653.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

1654.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

1655.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1656.   Defendant RAF ENTERPRISES, INC. did not comply with its established retention schedule and destruction guidelines.

1657.   Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXI– RAF ENTERPRISES, INC.
### Violation of 740 ILCS 14/115(b)(1)
### Failure to Inform of Collection and/or Storage
### (On Behalf of Plaintiffs and the Class)

1658. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1659. Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1660. Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1661.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1662.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1663.   Defendant RAF ENTERPRISES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1664.   Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the

collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXII– RAF ENTERPRISES, INC.**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1665.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1666.   Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1667.   Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1668.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **_it first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1669.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1670.   Defendant RAF ENTERPRISES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1671.   Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXIII– RAF ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1672.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1673.   Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1674.   Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1675.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1676.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1677.   Defendant RAF ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1678.   Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et_

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXIV– RAF ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1679.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1680.   Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant RAF ENTERPRISES, INC. therefore a "private entity" pursuant to BIPA.

1681.   Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from many associated workers.

1682.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1683.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its

agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1684. On information and belief, Defendant RAF ENTERPRISES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1685. Stating further, while not necessary to pleading these claims, RAF ENTERPRISES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1686. Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXV– RAF ENTERPRISES, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1687.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1688.   Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois.  Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1689.   Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1690.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1691.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1692.   Defendant RAF ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1693.   Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXVI– RAF ENTERPRISES, INC.
### Violation of 740 ILCS 14/15(e)(2)
### Failure to Use Same Standard as Other Confidential and Sensitive Information
### (On Behalf of Plaintiffs and the Class)

1694. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1695. Defendant RAF ENTERPRISES, INC. is a company organized under the laws of the State of Illinois. Defendant RAF ENTERPRISES, INC. is therefore a "private entity" pursuant to BIPA.

1696. Defendant RAF ENTERPRISES, INC. is a private entity that collects biometric information from McDonald's workers.

1697.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1698.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RAF ENTERPRISES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1699.   Defendant RAF ENTERPRISES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1700.   Defendant RAF ENTERPRISES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant RAF ENTERPRISES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RAF ENTERPRISES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the

intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RAF ENTERPRISES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXVII – RCKC CORPORATION**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1701.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1702.   Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois.  Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1703.   Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1704.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1705.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1706.  Defendant RCKC CORPORATION did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1707.  Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXVIII– RCKC CORPORATION
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1708.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1709.   Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois.  Defendant RCKC CORPORATION  is therefore a "private entity" pursuant to BIPA.

1710.   Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1711.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1712.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

1713.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1714.   Defendant RCKC CORPORATION did not comply with its established retention schedule and destruction guidelines.

1715.   Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXIX– RCKC CORPORATION
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1716. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1717. Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois. Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1718. Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1719.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1720.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1721.  Defendant RCKC CORPORATION collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1722.  Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq_.;  (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection,

storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXX– RCKC CORPORATION**
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1723.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1724.   Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois. Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1725.   Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1726.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **_it first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1727.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1728.  Defendant RCKC CORPORATION failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1729.  Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

<u>**COUNT CCXXI– RCKC CORPORATION**</u>
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1730.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1731.   Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois.  Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1732.   Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1733.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1734.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1735.   Defendant RCKC CORPORATION collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1736.   Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et_

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXII– RCKC CORPORATION
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1737. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1738. Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois. Defendant RCKC CORPORATION therefore a "private entity" pursuant to BIPA.

1739. Defendant RCKC CORPORATION is a private entity that collects biometric information from many associated workers.

1740. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1741. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its

agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1742. On information and belief, Defendant RCKC CORPORATION disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1743. Stating further, while not necessary to pleading these claims, RCKC CORPORATION did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1744. Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and

costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXXIII– RCKC CORPORATION
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

1745. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1746. Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois. Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1747. Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1748. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1749. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1750. Defendant RCKC CORPORATION collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1751. Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXIV– RCKC CORPORATION
#### Violation of 740 ILCS 14/15(e)(2)
#### Failure to Use Same Standard as Other Confidential and Sensitive Information
#### (On Behalf of Plaintiffs and the Class)

1752. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1753. Defendant RCKC CORPORATION is a company organized under the laws of the State of Illinois. Defendant RCKC CORPORATION is therefore a "private entity" pursuant to BIPA.

1754. Defendant RCKC CORPORATION is a private entity that collects biometric information from McDonald's workers.

1755.  BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e)(2).

1756.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant RCKC CORPORATION or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1757.  Defendant RCKC CORPORATION collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1758.  Defendant RCKC CORPORATION collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant RCKC CORPORATION actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant RCKC CORPORATION to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant RCKC CORPORATION violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXXV – SCHMITT-BOULDER HILL, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

1759.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1760.   Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1761.   Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1762.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1763.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1764.   Defendant SCHMITT-BOULDER HILL, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1765.   Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXXVI– SCHMITT-BOULDER HILL, INC.
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

1766.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1767.   Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois.  Defendant SCHMITT-BOULDER HILL, INC.  is therefore a "private entity" pursuant to BIPA.

1768.   Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1769.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1770.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines."  735 ILCS 14/15(a).

1771.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1772.   Defendant SCHMITT-BOULDER HILL, INC. did not comply with its established retention schedule and destruction guidelines.

1773.   Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXVII– SCHMITT-BOULDER HILL, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1774. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1775. Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1776. Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1777. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ." 740 ILCS 14/15(b)(1) (emphasis added).

1778. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1779. Defendant SCHMITT-BOULDER HILL, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1780. Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements

of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXVIII– SCHMITT-BOULDER HILL, INC.
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1781.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1782.   Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1783.   Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1784.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1785.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1786.   Defendant SCHMITT-BOULDER HILL, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1787.   Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXIX– SCHMITT-BOULDER HILL, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1788.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1789.  Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois.  Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1790.  Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1791.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**:  . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1792.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1793.  Defendant SCHMITT-BOULDER HILL, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1794.  Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et_

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXXX– SCHMITT-BOULDER HILL, INC.
### Violation of 740 ILCS 14/15(d)
### Unauthorized Disclosure / Redisclosure / Dissemination
### (On Behalf of Plaintiffs and the Class)

1795. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1796. Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. therefore a "private entity" pursuant to BIPA.

1797. Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from many associated workers.

1798. BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1799. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC.

or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1800. On information and belief, Defendant SCHMITT-BOULDER HILL, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1801. Stating further, while not necessary to pleading these claims, SCHMITT-BOULDER HILL, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1802. Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5)

reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXXXI– SCHMITT-BOULDER HILL, INC.
### Violation of 740 ILCS 14/15(e)(1)
### Failure to Use Reasonable Standard of Care
### (On Behalf of Plaintiffs and the Class)

1803.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1804.  Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois.  Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1805.  Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1806.  BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1807.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1808.  Defendant SCHMITT-BOULDER HILL, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1809.  Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein,

aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXII– SCHMITT-BOULDER HILL, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1810. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1811. Defendant SCHMITT-BOULDER HILL, INC. is a company organized under the laws of the State of Illinois. Defendant SCHMITT-BOULDER HILL, INC. is therefore a "private entity" pursuant to BIPA.

1812. Defendant SCHMITT-BOULDER HILL, INC. is a private entity that collects biometric information from McDonald's workers.

1813.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1814.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant SCHMITT-BOULDER HILL, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1815.   Defendant SCHMITT-BOULDER HILL, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1816.   Defendant SCHMITT-BOULDER HILL, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE,  individually,  and  on  behalf  of  the  proposed  class  members,  the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant SCHMITT-BOULDER HILL, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant SCHMITT-BOULDER HILL, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00

for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant SCHMITT-BOULDER HILL, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXXXIII – TDS SERVICES, INC.**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1817.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1818.   Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois.  Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1819.   Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1820.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

1821.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1822.   Defendant TDS SERVICES, INC. did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1823.   Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXIV– TDS SERVICES, INC.
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1824. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1825. Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1826. Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1827. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1828. BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1829. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1830. Defendant TDS SERVICES, INC. did not comply with its established retention schedule and destruction guidelines.

1831. Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXV– TDS SERVICES, INC.
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1832. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1833. Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1834. Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1835.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1836.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1837.   Defendant TDS SERVICES, INC. collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1838.   Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXVI– TDS SERVICES, INC.
**Violation of 740 ILCS 14/15(b)(2)**
**Failure to Inform of the Specific Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

1839. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1840. Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1841. Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1842. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2) (emphasis added).

1843. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1844.   Defendant TDS SERVICES, INC. failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1845.   Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXVII– TDS SERVICES, INC.
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1846.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1847.   Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois.  Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1848.   Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1849.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1850.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1851.   Defendant TDS SERVICES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1852.   Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et_

*seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant TDS

SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and

equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring

Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection,

storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of

$1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant

TDS SERVICES, INC. violations of BIPA were negligent;  (5)  reasonable attorneys' fees and

costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief

deemed appropriate in the premises.

**COUNT CCXXXVIII– TDS SERVICES, INC.**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1853.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1854.   Defendant TDS SERVICES, INC. is a company organized under the laws of the

State of Illinois.  Defendant TDS SERVICES, INC. therefore a "private entity" pursuant to BIPA.

1855.   Defendant TDS SERVICES, INC. is a private entity that collects biometric

information from many associated workers.

1856.   BIPA makes it unlawful for any private entity in possession of a biometric identifier

or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or

customer's biometric identifier or biometric information . . . ."  740 ILCS 114/15(d).

1857. The plaintiffs and the Class are Illinois citizens that had their "biometric

information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents

415

through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1858.   On information and belief, Defendant TDS SERVICES, INC. disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1859.   Stating further, while not necessary to pleading these claims, TDS SERVICES, INC. did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA. 740 ILSC 14/15(d)(1).

1860.   Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE,  individually,  and  on  behalf  of  the  proposed  class  members,  the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent;  (5) reasonable attorneys' fees and

costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXXXIX– TDS SERVICES, INC.
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1861.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1862.    Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois.  Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1863.   Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1864.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1865.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1866.    Defendant TDS SERVICES, INC. collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1867.    Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXL– TDS SERVICES, INC.
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1868. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1869. Defendant TDS SERVICES, INC. is a company organized under the laws of the State of Illinois. Defendant TDS SERVICES, INC. is therefore a "private entity" pursuant to BIPA.

1870. Defendant TDS SERVICES, INC. is a private entity that collects biometric information from McDonald's workers.

1871.  BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1872.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant TDS SERVICES, INC. or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1873.  Defendant TDS SERVICES, INC. collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1874.  Defendant TDS SERVICES, INC. collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant TDS SERVICES, INC. actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant TDS SERVICES, INC. to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant TDS SERVICES, INC. violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCXLI – DOE DEFENDANTS
### Violation of 740 ILCS 14/15(a)
### Failure to Properly Establish Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

1875. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1876. Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois. Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

1877. Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

1878. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1879. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1880.   Defendant DOE DEFENDANTS did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1881.   Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLII– DOE DEFENDANTS
**Violation of 740 ILCS 14/15(a)**
**Failure to Comply with Established Retention Schedule and Destruction Guidelines**
**(On Behalf of Plaintiffs and the Class)**

1882.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1883.   Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois.  Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

1884.   Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

1885.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1886.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1887.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1888.   Defendant DOE DEFENDANTS did not comply with its established retention schedule and destruction guidelines.

1889.   Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each

plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLIII– DOE DEFENDANTS
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1890. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1891. Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois. Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

1892. Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

1893. BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless **_it first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1894.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1895.  Defendant DOE DEFENDANTS collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1896.  Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant

DOE DEFENDANTS violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLIV– DOE DEFENDANTS
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

1897.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1898.   Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois. Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

1899.   Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

1900.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it *first***: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1901.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1902.   Defendant DOE DEFENDANTS failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1903. Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLV– DOE DEFENDANTS
**Violation of 740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

1904. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1905. Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois. Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

1906. Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

1907.  BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1908.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1909.  Defendant DOE DEFENDANTS collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1910.  Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 _et seq._;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXLVI– DOE DEFENDANTS**
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1911.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1912.   Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois.  Defendant DOE DEFENDANTS therefore a "private entity" pursuant to BIPA.

1913.   Defendant DOE DEFENDANTS is a private entity that collects biometric information from many associated workers.

1914.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ." 740 ILCS 114/15(d).

1915.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1916.   On information and belief, Defendant DOE DEFENDANTS disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1917.   Stating further, while not necessary to pleading these claims, DOE DEFENDANTS did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1918.   Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLVII– DOE DEFENDANTS
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1919.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1920.  Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois.  Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

1921.  Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

1922.  BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ."  740 ILCS 14/15(e).

1923.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1924.  Defendant DOE DEFENDANTS collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1925.  Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2) a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3) injunctive and

equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CCXLVIII– DOE DEFENDANTS
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1926.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1927.   Defendant DOE DEFENDANTS is a company organized under the laws of the State of Illinois.  Defendant DOE DEFENDANTS is therefore a "private entity" pursuant to BIPA.

1928.   Defendant DOE DEFENDANTS is a private entity that collects biometric information from McDonald's workers.

1929.   BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1930.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant DOE DEFENDANTS or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1931.   Defendant DOE DEFENDANTS collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1932.   Defendant DOE DEFENDANTS collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant DOE DEFENDANTS actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant DOE DEFENDANTS to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant DOE DEFENDANTS violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCXLIX – JCTWILL, LLC**
**Violation of 740 ILCS 14/15(a)**
**Failure to Properly Establish Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

1933.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1934.   Defendant JCTWILL, LLC is a company organized under the laws of the State of Illinois.  Defendant JCTWILL, LLC is therefore a "private entity" pursuant to BIPA.

1935.   Defendant JCTWILL, LLC is a private entity that collects biometric information from McDonald's workers.

1936.   BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a).

1937.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JCTWILL, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1938.   Defendant JCTWILL, LLC did not properly develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurred first.

1939.   Defendant JCTWILL, LLC's collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JCTWILL, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JCTWILL, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JCTWILL, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT CCL– JCTWILL, LLC
### Violation of 740 ILCS 14/15(a)
### Failure to Comply with Established Retention Schedule and Destruction Guidelines
### (On Behalf of Plaintiffs and the Class)

1940. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1941. Defendant JCTWILL, LLC is a company organized under the laws of the State of Illinois. Defendant JCTWILL, LLC is therefore a "private entity" pursuant to BIPA.

1942. Defendant JCTWILL, LLC is a private entity that collects biometric information from McDonald's workers.

1943. BIPA requires private entities in possession of biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose

for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

1944.   BIPA further provides that "Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 735 ILCS 14/15(a).

1945. The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JCTWILL, LLC or its agents through, inter alia, copying/recording of their respective fingerprints / palm scans and possibly other individual biometric data points.

1946.   Defendant JCTWILL, LLC did not comply with its established retention schedule and destruction guidelines.

1947.   Defendant JCTWILL, LLC's collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant JCTWILL, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JCTWILL, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of

BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JCTWILL, LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLI– JCTWILL, LLC
**Violation of 740 ILCS 14/115(b)(1)**
**Failure to Inform of Collection and/or Storage**
**(On Behalf of Plaintiffs and the Class)**

1948.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1949.   Defendant JCTWILL, LLC is a company organized under the laws of the State of Illinois.  Defendant JCTWILL, LLC is therefore a "private entity" pursuant to BIPA.

1950.   Defendant JCTWILL, LLC is a private entity that collects biometric information from McDonald's workers.

1951.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored . . . ."  740 ILCS 14/15(b)(1) (emphasis added).

1952.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JCTWILL, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1953.   Defendant JCTWILL, LLC's collection and storage of the plaintiffs' and class member's biometric data was done without properly informing the plaintiffs and class members in writing that a biometric identifier or biometric information was being collected or stored.

1954.   Defendant JCTWILL, LLC's collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant JCTWILL, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JCTWILL, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JCTWILL, LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT CCLII– JCTWILL, LLC
### Violation of 740 ILCS 14/15(b)(2)
### Failure to Inform of the Specific Purpose and Length of Term
### (On Behalf of Plaintiffs and the Class)

1955.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1956.   Defendant JCTWILL, LLC is a company organized under the laws of the State of Illinois. Defendant JCTWILL, LLC is therefore a "private entity" pursuant to BIPA.

1957.   Defendant JCTWILL, LLC is a private entity that collects biometric information from McDonald's workers.

1958.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used."  740 ILCS 14/15(b)(2) (emphasis added).

1959.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JCTWILL, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1960.   Defendant JCTWILL, LLC failed to properly inform the plaintiffs or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(2).

1961.   Defendant JCTWILL, LLC's collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, _et seq.,_ appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant JCTWILL,

LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JCTWILL, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JCTWILL, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLIII– JCTWILL, LLC
### Violation of 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

1962.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1963.   Defendant JCTWILL, LLC is a company organized under the laws of the State of Illinois.  Defendant JCTWILL, LLC is therefore a "private entity" pursuant to BIPA.

1964.   Defendant JCTWILL, LLC is a private entity that collects biometric information from McDonald's workers.

1965.   BIPA makes it unlawful for any private entity to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless **it _first_**: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b)(3) (emphasis added).

1966.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JCTWILL, LLC or its agents

through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1967.   Defendant JCTWILL, LLC's collection and storage of the plaintiffs' and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

1968.   Defendant JCTWILL, LLC's collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JCTWILL, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq*.; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JCTWILL, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JCTWILL, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLIV– JCTWILL, LLC
**Violation of 740 ILCS 14/15(d)**
**Unauthorized Disclosure / Redisclosure / Dissemination**
**(On Behalf of Plaintiffs and the Class)**

1969.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1970.   Defendant JCTWILL, LLC is a company organized under the laws of the State of Illinois.  Defendant JCTWILL, LLC therefore a "private entity" pursuant to BIPA.

1971.   Defendant JCTWILL, LLC is a private entity that collects biometric information from many associated workers.

1972.   BIPA makes it unlawful for any private entity in possession of a biometric identifier or biometric information to, inter alia, "disclose, redisclose, or other disseminate a person's or customer's biometric identifier or biometric information . . . ."  740 ILCS 114/15(d).

1973.   The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JCTWILL, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1974.   On information and belief, Defendant JCTWILL, LLC disclosed, redisclosed, or disseminated the biometric information of plaintiffs and the class members to, through, and/or among others, including but not limited to other McDonald's entities or persons associated with McDonald's.

1975.   Stating further, while not necessary to pleading these claims, JCTWILL, LLC did not have consent to such disclosure, redisclosure, or dissemination as discussed by BIPA.  740 ILSC 14/15(d)(1).

1976.   Defendant JCTWILL, LLC's collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JCTWILL, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JCTWILL, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JCTWILL, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT CCLV– JCTWILL, LLC
**Violation of 740 ILCS 14/15(e)(1)**
**Failure to Use Reasonable Standard of Care**
**(On Behalf of Plaintiffs and the Class)**

1977. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1978. Defendant JCTWILL, LLC is a company organized under the laws of the State of Illinois. Defendant JCTWILL, LLC is therefore a "private entity" pursuant to BIPA.

1979. Defendant JCTWILL, LLC is a private entity that collects biometric information from McDonald's workers.

1980. BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry . . . ." 740 ILCS 14/15(e).

1981.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JCTWILL, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1982.  Defendant JCTWILL, LLC collection and storage of the plaintiffs' and class members' biometric data was systematic and done without storing, transmitting, and/or protecting from disclosure all biometric identifiers and biometric information using the reasonable standard of care within its industry as required by 740 ILCS 14/15(e)(1).

1983.  Defendant JCTWILL, LLC's collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant JCTWILL, LLC actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JCTWILL, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JCTWILL, LLC violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other

litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

**COUNT CCLVI– JCTWILL, LLC**
**Violation of 740 ILCS 14/15(e)(2)**
**Failure to Use Same Standard as Other Confidential and Sensitive Information**
**(On Behalf of Plaintiffs and the Class)**

1984.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

1985.  Defendant JCTWILL, LLC is a company organized under the laws of the State of Illinois.  Defendant JCTWILL, LLC   is therefore a "private entity" pursuant to BIPA.

1986.  Defendant JCTWILL, LLC is a private entity that collects biometric information from McDonald's workers.

1987.  BIPA requires a private entity to, inter alia, "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."  740 ILCS 14/15(e)(2).

1988.  The plaintiffs and the Class are Illinois citizens that had their "biometric information" collected and stored by McDonald's / Defendant JCTWILL, LLC or its agents through, inter alia, copying/recording of their respective fingerprints and possibly other individual biometric data points.

1989.  Defendant JCTWILL, LLC's collection and storage of the plaintiffs' and class members' biometric data was not done in a manner that was the same as or more protective than the manner in which it stores, transmits, and protects other confidential and sensitive information, as required by 740 ILCS 14/15(e)(2).

1990.  Defendant JCTWILL, LLC's collection, storage and use of the plaintiffs' and class members' biometric identifiers, information or data as described herein, aggrieved each plaintiff

and class member as provided in BIPA and further violated the rights of each plaintiff and class member to control this information.

WHEREFORE, individually, and on behalf of the proposed class members, the plaintiffs pray for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant JCTWILL, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the plaintiffs and the class by requiring Defendant JCTWILL, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant JCTWILL, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

Respectfully submitted,
THE DRISCOLL FIRM, P.C.

BY:     /s/ John J. Driscoll
        JOHN J. DRISCOLL (6276464)
        GREGORY J. PALS (6271778)
        CHRISTOPHER J. QUINN (6310758)
        THE DRISCOLL FIRM, P.C.
        211 North Broadway, Suite 4050
        St. Louis, Missouri 63012
        Telephone No. (314) 932-3232
        Fax No. (314) 932-3233
        john@thedriscollfirm.com

greg@thedriscollfirm.com
chris@thedriscollfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2019, the foregoing was filed electronically with the

Clerk of the Court and was served via e-mail on the following persons:


Jennifer Maloney
Baker Sterchi Cowden & Rice LLC
100 North Broadway, 21st Floor
St. Louis, Missouri 63102
Phone: 314.345-5000
Direct: 314.345-5076
jmaloney@bscr-law.com
lstewart@bscr-law.com

*Attorneys for McDonald's USA, LLC.,
and McDonald's Corporation*


Sean C. Herring
Sabreena T. El-Amin
Thomas Berry
Kathleen Turner
Jackson Lewis PC
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel.: (312) 787-4949 Fax: (312)787-4995
Sean.Herring@jacksonlewis.com
Sabreena.El-Amin@jacksonlewis.com
Thomas.Berry@jacksonlewis.com
Kathleen.Turner@Jacksonlewis.com

*Attorneys for Various Defendants*
Martin K. LaPointe
Y. Angela Lam
LaPointe Law, P.C.
mlapointe@lapointelaw.com
alam@lapointelaw.com
1200 Shermer Rd., Suite 425
Northbrook, IL 60062

*Attorneys for Various Defendants*

Michael Gray
Efrat Schulman
Jonathan Linas
Jennifer Ralph
Jones Day
77 West Wacker
Chicago, Illinois  60601-1692
mjgray@jonesday.com
eschulman@jonesday.com
jlinas@jonesday.com
jralph@jonesday.com

*Attorneys for McDonald's USA, LLC.,
and McDonald's Corporation*
Jamie L. Filipovic
Collin D. Woodward
Patrick Wall
O'Hagan Meyer, LLC
1 E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
(312) 422-6100
(312) 422-6110 (fax)
jfilipovic@ohaganmeyer.com
cwoodward@ohaganmeyer.com
pwall@ohaganmeyer.com

*Attorneys for Various Defendants*

Natalie J. Kussart
Benjamin R. Wesselschmidt
Kate Nahlik
Jessica Reynolds
600 Washington Avenue
15th Floor
St Louis, MO 63101
nkussart@sandbergphoenix.com
bwesselschmidt@sandbergphoenix.com
knahlik@sandbergphoenix.com
jreynolds@sandbergphoenix.com

trc5@sandbergphoenix.com

*Attorneys for Various Defendants*

Keith Short
Jack Daugherty
Short and Daugherty, P.C.
325 Market St, Alton, IL 62002
keith@siltrial.com
jack@siltrial.com

*Attorneys for Various Defendants*

/s/ Mary Reed